Thomas P. Riley
Law Offices of Thomas P. Riley, P.C.
First Library Square
1114 Fremont Avenue
South Pasadena, CA 91030-3227
CA SBN No. 194706
Fax: 626-799-9795
TPRLAW@att.net
Tel:  626-799-9797

Attorneys for Plaintiff
Innovative Sports Management, Inc.,
d/b/a Integrated Sports Media

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| Innovative Sports Management, Inc., d/b/a Integrated Sports Media, <br><br> Plaintiff, <br><br> vs. <br><br> Gerardo Valdivia, individually and d/b/a Tondero Peruvian Cuisine, <br><br><br> Defendant. | Case No.: <br><br> COMPLAINT |

**PLAINTIFF ALLEGES:**

## **JURISDICTION**

1.     Jurisdiction is founded on the existence of a question arising under particular statutes. This action is brought pursuant to several federal statutes, including the Communications Act of 1934, as amended, Title 47 U.S.C. 605, *et seq.,* and The Cable & Television Consumer Protection and Competition Act of 1992, as amended,

Title 47 U.S.C. Section 553, *et seq.,* and California B&P Section 17200, a California state statute.

2.      This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. Section 1331, which states that the District Courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties, of the United States. This Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

3.      This Court has personal jurisdiction over the parties in this action as a result of the Defendant's wrongful acts hereinafter complained of which violated the Plaintiff's rights as the exclusive commercial domestic distributor of the televised *Program* hereinafter set forth at length. The Defendant's wrongful acts consisted of the interception, reception, publication, divulgence, display, exhibition, and tortious conversion of said property of Plaintiff within the control of the Plaintiff in the State of California constituting an unfair business practice in violation of the law, including specific California state statutes, more particularly set forth below.

**<u>VENUE</u>**

4.      Pursuant to Title 47 U.S.C. Section 605, venue is proper in the Central District of California, because a substantial part of the events or omissions giving rise to the claim occurred in this District and/or because, *inter alia,* Defendant resides within the

State of California (28 U.S.C. § 1391(b) and 28 U.S.C. § 84(c)(2)).

## INTRADISTRICT ASSIGNMENT

5.      Assignment to the Western Division of the Central District of California is proper because a substantial part of the events or omissions giving rise to the claim occurred in Los Angeles County and/or, the United States District Court for the Central District of California has decided that suits of this nature, and each of them, are to be heard by the Courts in this particular Division.

## THE PARTIES

6.      Plaintiff, Innovative Sports Management, Inc., d/b/a Integrated Sports Media, is, and at all relevant times mentioned was, a New Jersey corporation with its principal place of business located at 64 North Summit St., Suite 218, Tennafly, NJ 07060.

7.      At all times relevant hereto, including on Thursday, November 11, 2021, Defendant Gerardo Valdivia was an owner, and/or operator, and/or licensee, and/or permittee, and/or person in charge, and/or an individual with dominion, control, oversight and management of the commercial establishment doing business as Tondero Peruvian Cuisine, operating at 9347 Slauson Avenue, Pico Rivera, CA 90660.

///

///

8.      At all times relevant hereto, including on Thursday, November 11, 2021, Defendant Gerardo Valdivia was specifically identified as Owner of Tondero Peruvian Cuisine on the City of Pico Rivera Business License (03506755) issued to Tondero Peruvian Cuisine.

9.      Plaintiff is informed and believes, and alleges thereon that on Thursday, November 11, 2021 (the night of the *Program* at issue herein, as more specifically defined in Paragraph 16), Defendant Gerardo Valdivia had the right and ability to supervise the activities of Tondero Peruvian Cuisine, which included the unlawful interception, receipt, and publication of Plaintiff's *Program.*

10.      Plaintiff is informed and believes, and alleges thereon that on Thursday, November 11, 2021 (the night of the *Program* at issue herein, as more specifically defined in Paragraph 16), Defendant Gerardo Valdivia, as an individual, had the obligation to supervise the activities of Tondero Peruvian Cuisine, which included the unlawful interception, receipt, and publication of Plaintiff's *Program,* and, among other responsibilities, had the obligation to ensure that Tondero Peruvian Cuisine operated lawfully at all times.

11.      Plaintiff is informed and believes, and alleges thereon that on Thursday, November 11, 2021 (the night of the *Program* at issue herein, as more specifically

defined in Paragraph 16), Defendant Gerardo Valdivia specifically directed or permitted the employees of Tondero Peruvian Cuisine to unlawfully intercept, receive, and publish Plaintiff's *Program* at Tondero Peruvian Cuisine, or intentionally intercepted, received, and published the *Program* at Tondero Peruvian Cuisine himself. The actions of the employees of Tondero Peruvian Cuisine are directly imputable to Defendant Gerardo Valdivia by virtue of his acknowledged responsibility for the operation of Tondero Peruvian Cuisine.

12.     Plaintiff is informed and believes, and alleges thereon that on Thursday, November 11, 2021, Defendant Gerardo Valdivia, as an individual specifically identified as Owner of Tondero Peruvian Cuisine on the City of Pico Rivera Business License (03506755) issued to Tondero Peruvian Cuisine, and as Owner of Tondero Peruvian Cuisine, had an obvious and direct financial interest in the activities of Tondero Peruvian Cuisine, which included the unlawful interception, receipt, and publication of Plaintiff's *Program.*

13.     Plaintiff is informed and believes, and alleges thereon that the unlawful broadcast of Plaintiff's *Program*, as supervised and/or authorized by Defendant Gerardo Valdivia resulted in increased profits for Tondero Peruvian Cuisine.

///

///

14.     Plaintiff is informed and believes, and alleges thereon that on Thursday, November 11, 2021 (the night of the *Program* at issue herein, as more specifically defined in Paragraph 16), Tondero Peruvian Cuisine sold food to its patrons.

## COUNT I

### (Violation of Title 47 U.S.C. Section 605)

15.     Plaintiff Innovative Sports Management, Inc., d/b/a Integrated Sports Media, hereby incorporates by reference all of the allegations contained in paragraphs 1-14, inclusive, as though set forth herein at length.

16.     Pursuant to contract, Plaintiff Innovative Sports Management, Inc., d/b/a Integrated Sports Media, was granted the exclusive nationwide commercial distribution (closed-circuit) rights to the *Peru v. Bolivia Soccer Match* event telecast nationwide on Thursday, November 11, 2021 (this included all interviews and game commentary encompassed in the television broadcast of the event, hereinafter referred to as the "*Program*").

17.     Pursuant to contract, Plaintiff Innovative Sports Management, Inc., d/b/a Integrated Sports Media, entered into subsequent sublicensing agreements with various commercial entities throughout North America, including entities within the State of California, by which it granted these entities limited sublicensing rights,

specifically the rights to publicly exhibit the *Program* within their respective commercial establishments.

18.     The Program could only be exhibited in a commercial establishment in California if said establishment was contractually authorized to do so by Plaintiff Innovative Sports Management, Inc., d/b/a Integrated Sports Media.

19.     As a commercial distributor and licensor of sporting events, including the *Program*, Plaintiff Innovative Sports Management, Inc., d/b/a Integrated Sports Media, expended substantial monies marketing, advertising, promoting, administering, and transmitting the *Program* to its customers, the aforementioned commercial entities.

20.     The *Program* originated via satellite uplink and was subsequently re-transmitted to cable systems and satellite companies via satellite signal to Plaintiff's lawful sub-licensees.

21.     On Thursday, November 11, 2021, in violation of Plaintiff Innovative Sports Management, Inc., d/b/a Integrated Sports Media rights and federal law, Defendant intercepted, received and published the *Program* at Tondero Peruvian Cuisine. Defendant also divulged and published said communication, or assisted or permitted

in divulging and publishing said communication to patrons within Tondero Peruvian Cuisine.

22.     With full knowledge that the *Program* was not to be intercepted, received, published, divulged, displayed, and/or exhibited by commercial entities unauthorized to do so, the above named Defendant, either through direct action or through actions of employees or agents directly imputable to the Defendant (as outlined above), did unlawfully intercept, receive, publish, divulge, display, and/or exhibit the *Program* at the time of its transmission at commercial establishment located at 9347 Slauson Avenue, Pico Rivera, CA 90660.

23.     Said unauthorized interception, reception, publication, exhibition, divulgence, display, and/or exhibition by the Defendant was done willfully and for purposes of direct and/or indirect commercial advantage and/or private financial gain.

24.     Title 47 U.S.C. § 605(a), prohibits the unauthorized interception, receipt, publication and use of communications, including satellite television signals, such as the transmission of the *Program* for which Plaintiff Innovative Sports Management, Inc., d/b/a Integrated Sports Media had the distribution rights thereto.

///

///

25.     By reason of the aforesaid mentioned conduct, the aforementioned Defendant, violated Title 47 U.S.C. Section 605, *et seq.*, either directly, contributorily or vicariously.

26.     By reason of the Defendant's violation of Title 47 U.S.C. Section 605*, et seq.*, Plaintiff Innovative Sports Management, Inc., d/b/a Integrated Sports Media, has the private right of action pursuant to Title 47 U.S.C. Section 605.

27.     As the result of the aforementioned Defendant's violation of Title 47 U.S.C. Section 605, and pursuant to said Section 605, Plaintiff Innovative Sports Management, Inc., d/b/a Integrated Sports Media, is entitled to the following from each Defendant:

     (a)     Statutory damages for each violation in an amount to $10,000.00 pursuant to Title 47 U.S.C. § 605(e)(3)(C)(i)(II);

     (b)     Statutory damages for each willful violation in an amount to $100,000.00 pursuant to Title 47 U.S.C. 605(e)(3)(C)(ii); and

     (c)     The recovery of full costs, including reasonable attorneys' fees, pursuant to Title 47 U.S.C. Section 605(e)(3)(B)(iii).

///

///

## COUNT II

### (Violation of Title 47 U.S.C. Section 553)

28.     Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1-27, inclusive, as though set forth herein at length.

29.     47 U.S.C. § 553 prohibits the interception or receipt of communications offered over a cable system absent specific authorization.

30.     The unauthorized interception and receipt of the *Program* by the above named Defendant was prohibited by Title 47 U.S.C. §553, *et seq.*

31.     By reason of the aforesaid mentioned conduct, the aforementioned Defendant violated Title 47 U.S.C. Section 553, *et seq.* either directly, contributorily or vicariously.

32.     By reason of the Defendant's violation of Title 47 U.S.C. Section 553, *et seq.,* Plaintiff Innovative Sports Management, Inc., d/b/a Integrated Sports Media, has the private right of action pursuant to Title 47 U.S.C. Section 553.

///

///

///

33.     As the result of the aforementioned Defendant's violation of Title 47 U.S.C. Section 553, Plaintiff Innovative Sports Management, Inc., d/b/a Integrated Sports Media, is entitled to the following from each Defendant:

> (a)     Statutory damages for each violation in an amount to $10,000.00 pursuant to Title 47 U.S.C. § 553(c)(3)(A)(ii);
>
> (b)     Statutory damages for each willful violation in an amount to $50,000.00 pursuant to Title 47 U.S.C. § 553(c)(3)(B);
>
> (c)     The recovery of full costs pursuant to Title 47 U.S.C. § 553 (c)(2)(C); and
>
> (d)      In the discretion of this Honorable Court, reasonable attorneys' fees, pursuant to Title 47 U.S.C. § 553(c)(2)(C).

## COUNT III

### (Conversion)

34.     Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1-33, inclusive, as though set forth herein at length.

35.     By their aforesaid acts of interception, reception, publication, divulgence, display, and/or exhibition of the *Program* at their commercial establishment at the above-captioned address, the aforementioned Defendant, tortuously obtained

possession of the *Program* and wrongfully converted same for their own use and benefit.

36.    The aforesaid acts of the Defendant was willful, malicious, egregious, and intentionally designed to harm Plaintiff Innovative Sports Management, Inc., d/b/a Integrated Sports Media, by depriving Plaintiff of the commercial license fee to which Plaintiff was rightfully entitled to receive from them, and in doing so, the Defendant subjected the Plaintiff to severe economic distress and great financial loss.

37.    Accordingly, Plaintiff Innovative Sports Management, Inc., d/b/a Integrated Sports Media, is entitled to both compensatory, as well as punitive and exemplary damages, from aforementioned Defendant as the result of the Defendant's egregious conduct, theft, and conversion of the *Program* and deliberate injury to the Plaintiff.

## **COUNT IV**

**(Violation of California Business and Professions Code Section 17200, *et seq.*)**

38.    Plaintiff hereby incorporates by reference all of the allegations contained in Paragraphs 1-20, inclusive, as set forth herein at length.

///

///

39.   By contract, Plaintiff Innovative Sports Management, Inc., d/b/a Integrated Sports Media, was granted exclusive domestic commercial exhibition closed-circuit rights to the *Program*.

40.   Plaintiff did not authorize transmission, interception, reception, divulgence, exhibition, or display of the *Program* to the general public, persons at large, or to the commercial establishment operated by the foregoing Defendant, or any of them.

41.   With full knowledge that the *Program* was not to be intercepted, received, published, divulged, displayed, and/or exhibited by commercial entities unauthorized to do so, the above named Defendant, either through direct action or through actions of employees or agents directly imputable to Defendant by virtue of their respective positions and authority, did unlawfully intercept, receive, publish, divulge, display, and/or exhibit the Program at the real time transmission of the *Program's* broadcast at the commercial establishment, as more particularly indicated and identified above.

42.   Plaintiff is informed and believes and alleges thereon that the Defendant and/or his agents, servants, workmen, or employees performed the aforementioned acts knowingly, willfully and to confer a direct or indirect commercial advantage and/or private financial gain to the Defendant, to the detriment and injury of Plaintiff and its

business enterprise as a commercial distributor and closed-circuit licensor of sports and entertainment television programming.

43.     The Defendant's unauthorized interception, publication, divulgence and/or exhibition was done by the Defendant wantonly, recklessly, and without regard whatsoever for the intellectual property rights of the Plaintiff.

44.     The aforementioned unlawful acts of each of the Defendant constituted unlawful, untrue, fraudulent, predatory, unfair, and deceptive trade practices, and by reason of the aforementioned conduct, the Defendant violated California and Professions Code Section 17200, *et seq.*

45.     As a proximate result of the aforementioned acts attributable to the Defendant, Plaintiff has been permanently deprived of the patronage of current, previous and potential customers of the sports and entertainment programming it licenses commercially to the hospitality industry, all to its severe financial injury and loss in a sum to be determined at trial.

46.     By reason of the Defendant's violation of California Business and Professions Code Section 17200, *et seq.*, Plaintiff Innovative Sports Management, Inc., d/b/a Integrated Sports Media is entitled to restitution for its injuries, the disgorgement and

turn-over of the Defendant's ill-gotten gains, as well as injunctive and declaratory relief, as an alternative to any damages and relief that may be recoverable for Counts I-III for which there is no adequate remedy at law, from each of the aforementioned Defendant as may be made more appropriately determined at trial.

47.     Plaintiff is entitled to its attorneys' fees from the Defendant for enforcing California Business and Professions Code Section 17200 as it meets the standards of a private attorney general as specifically and statutorily defined under California Civil Procedure Section 1021.5.

**WHEREFORE, Plaintiff prays for judgment as set forth below.**
**As to the First Count:**

1.     For statutory damages in the amount of $110,000.00 against the Defendant;

2.     For reasonable attorneys' fees as mandated by statute;

3.     For all costs of suit, including, but not limited to, filing fees, service of process fees, investigative costs; and

4.     For such other and further relief as this Honorable Court may deem just and proper.

**As to the Second Count:**

1.     For statutory damages in the amount of $60,000.00 against the Defendant;

2.    For reasonable attorneys' fees as may be awarded in the Court's discretion pursuant to statute;

3.    For all costs of suit, including, but not limited to, filing fees, service of process fees, investigative costs; and

4.    For such other and further relief as this Honorable Court may deem just and proper.

**As to the Third Count:**

1.    For compensatory damages in an amount according to proof against the Defendant;

2.    For exemplary damages against the Defendant;

3.    For punitive damages against the Defendant;

4.    For reasonable attorneys' fees as may be awarded in the Court's discretion pursuant to statute;

5.    For all costs of suit, including, but not limited to, filing fees, service of process fee, investigative costs; and

6.    For such other and further relief as this Honorable Court may deem just and proper.

**As to the Fourth Count:**

1.    For restitution to the Plaintiff in an amount according to and from the Defendant, for their ill-gotten gains;

2.    For declaratory relief;

3.    For prohibitory and mandatory injunctive relief;

4.    For reasonable attorneys' fees as may be awarded in the Court's discretion pursuant to statute;

5.    For all costs of suit, including, but not limited to, filing fees, service of process fees, investigative costs; and

6.    For such other and further relief as this Honorable Court may deem just and proper.

Respectfully submitted,

Date:  October 6, 2022          */s/Thomas P. Riley*
                                **LAW OFFICES OF THOMAS P. RILEY, P.C.**
                                By:  Thomas P. Riley
                                Innovative Sports Management, Inc.,
                                d/b/a Integrated Sports Media

///

///

///

///

///

///

///

///

///

///