

FILED

2022 DEC 13  PM 3: 23

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

GERARDO VALDIVIA D/B/A
TONDERO PERUVIAN CUISINE
9347 Slauson Ave
Pico Rivera CA
90660
IN PRO PER

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| INNOVATIVE SPORTS MANAGEMENT, INC., dlb/a INTEGRATED SPORTS MEDIA<br><br>Plaintiff,<br><br>vs.<br><br>GERARDO VALDIVIA, INDIVIDUALLY AND D/B/A TONDERO PERUVIAN CUISINE,<br><br>Defendants, | Case 2:22-cv-07303-TJH-PLA<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES**<br><br>**Complaint Filed:   10/06, 2022** |

NOW COMES Gerardo Valdivia, individually and d/b/a Tondero Peruvian Cuisine, Defendant, and files this Opposition to Plaintiff's Motion to Strike Defendant's Affirmative Defenses, and hereby avers as follows:

1.  Plaintiff filed its Motion based on the grounds that Defendant fails to satisfy the legal standards necessary to sustain any affirmative defense; the affirmative defenses are insufficient

1

irrespective of the application of the Twombly/Iqbal pleading standard; and that prejudice is not required to strike an affirmative defense under Rule 12(f).

2.  Defendant submits to this Court that he has satisfied the legal standards necessary to sustain an affirmative defense. Further, Defendant avers that his affirmative defenses are sufficient and that the Twombly/Iqbal pleading standard does not apply to affirmative defenses.

### A.  PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES SHOULD BE STRICKEN

3.  A Rule 12(f) motion to strike an affirmative defense is generally disfavored. See, e.g., *EEOC v. Kelley Drye & Warren, LLP*, 2011 U.S. Dist. LEXIS 80667, at *6; *Bottoni v. Sallie Mae, Inc.*, 2011 U.S. Dist. LEXIS 93634, at *3; *Adams v. JP Morgan Chase Bank, N.A.*, 2011 U.S. Dist. LEXIS 79366, at *3 (M.D. Fla. July 21, 2011).

4.  Rule 8(a) governs the pleading of claims for relief. Rule 8(a)(2), the rule at issue in Iqbal and Twombly, provides: "(a) Claim for Relief. A pleading that states a clam for relief must contain *** (2) a short and plain statement of the claim showing that the pleader is entitled to relief ...."

5.  Rule 8(b) governs the pleading of defenses and provides that, "[i]n responding to a pleading, a party must: "(A) state in short and plain terms its defenses to each claim asserted against it."

6.  Rule 8(c) governs the pleading of affirmative defenses and provides that, "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense," including those listed in Rule 8(c).

7.  Both Rules 8(a)(2) and 8(b) require a "short and plain" recitation. However, only Rule 8(a)(2) requires a "showing that the pleader is entitled to relief." Rules 8(b) and 8(c) contain no comparable requirement.

cv-07303-TJH-PLA   Document 20   Filed 12/13/22   Page 3 of 8   Page ID #:109

8.  "A motion to strike an affirmative defense is not favored and will not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." *Salcer v. Envicon Equities Corp.*, 744 F.2d 935, 939 (2d Cir. 1984).

## B.  THE TWOMBLY/IQBAL STANDARD SHOULD NOT APPLY TO AFFIRMATIVE DEFENSES

9.  Many federal courts have held that the Twombly/Iqbal standard should not apply to affirmative defenses.

10. There are differences in wording between Rule 8(a)(2) and Rules 8(c) and 8(b), and Iqbal and Twombly only addressed the requirements of Rule 8(a)(2). Rule 8(a)(2) requires a "statement...showing that the pleader is entitled to relief," while Rules 8(b) and 8(c) do not contain comparable language requiring a party to show why a defense or affirmative defense is relevant or why the party is entitled to claim that defense. The Supreme Court in Iqbal and Twombly relied heavily on the language in Rule 8(a)(2) requiring a "showing" of entitlement to relief in concluding that the claimant must allege sufficient facts to "show that the claim is plausible."

11. The absence of language in Rules 8(b) and (c) comparable to the "showing...entitled to relief" language in Rule 8(a)(2) means that the pleading requirement under Rules 8(b) and (c) is not the same as that under Rule 8(a)(2). *Enough for Everyone, Inc. v. Provo Craft & Novelty, Inc.*, 2012 U.S. Dist. LEXIS 6745, at *4-6 (C.D. Cal. Jan. 20, 2012).

12. It would be unfair to defendants to require them to provide detailed factual allegations when they have only 21 days to respond to the complaint (see Fed. R. Civ. P. 12(a)(1)(A)), whereas plaintiffs have a great deal more time to conduct an investigation prior to filing the complaint. *Cottle v. Falcon Holdings Mgmt., LLC.*, 2012 U.S. Dist. LEXIS 10478, at *10.

13. It should be noted that defendants typically obtain at least an additional 30 days to respond to a complaint, although that does not change the fact that plaintiffs almost always have more time to investigate and file a complaint.

14. Failure to plead an affirmative defense risks waiving that defense. *Falley v. Friends Univ.*, 2011 U.S. Dist. LEXIS 40921, at *6-8.

15. The purpose of Rule 8(c) is merely to provide the plaintiff with notice of an affirmative defense that may be raised at trial. *Adams v. JP Morgan Chase Bank, N.A.*, 2011 U.S. Dist. LEXIS 79366, at *9.

16. Federal Rule of Civil Procedure Form 30 serves as a form for presenting a Rule 12(b) defense and allows the simple statement that "[t]he complaint fails to state a claim upon which relief can be granted" in order to assert the defense of failure to state a claim. *Bowers v. Mortgage Electronic Regis. Sys.*, 2011 U.S. Dist. LEXIS 58537 at *14.

17. As the court in *Lane v. Page*, 2011 U.S. Dist. LEXIS 11636, at *29-42 explained:

> Forms appended to the rules bolster the Court's analysis that Rule 8(b) does not require defendants to provide factual allegations supporting defenses. Form 30 provides an example of an "answer presenting defenses under Rule 12(b)." Fed. R. Civ. P. Form 30. The section "Failure to State a Claim" states, in its entirety: "4. The complaint fails to state a claim upon which relief can be granted." Fed. R. Civ. P. Form 30. Failure to state a claim is a defense under Rule 12 and therefore falls under Rule 8(b)'s requirements. Form 30 provides no factual allegations in support of the defense, and Form 30 is sufficient under the rules. See Fed. R. Civ. 84. "The forms in the appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate."

2011 U.S. Dist. LEXIS 11636, at *41.

18. Granting a motion to strike an affirmative defense under Rule 12(f) encourages parties to bog down litigations by filing and fighting motions to strike prematurely, which is contrary to the

purpose of Rule 12(f) to "minimize delay, prejudice and confusion." See, e.g., *Bowers*, supra, 2011 U.S. Dist. LEXIS 58537, at *15.

19. An additional reason for not applying the Iqbal/Twombly pleading standard to affirmative defenses relates to the scope of permissible discovery under Rule 26(b)(1). Rule 26(b)(1) limits the scope of discovery to non-privileged matter "that is relevant to any party's claim or defense," unless otherwise limited by court order.

20. If an affirmative defense cannot properly be pled until the party has sufficient facts to satisfy Iqbal/Twombly, and the facts needed to plead that affirmative defense are in the hands of the plaintiff, how can the defendant obtain them?

21. Presumably any discovery request (including questions at a deposition) seeking such information will be subject to the objection that because the particular affirmative defense has not been raised, the requested discovery, including the deposition question, is improper.

22. The argument that a defendant needs the discovery to determine if there is a basis for asserting the affirmative defense will be subject to the argument that defendant is engaged in an impermissible fishing expedition; that a defendant cannot use discovery to determine if an affirmative defense may exist.

23. In that Catch-22 situation, a possibly meritorious affirmative defense will fall by the wayside because the defendant does not have sufficient facts allowing the defendant to allege the affirmative defense in its answer and those facts can only be learned though discovery from the plaintiff, which cannot be obtained because it relates to an affirmative defense which has not been alleged.

24. In a nutshell, the Twombly/Iqbal standard should not apply to affirmative defenses because: (1) the textual differences between Rules 8(a) and 8(c); (2) "a diminished concern that plaintiffs receive notice in light of their ability to obtain more information during discovery;" (3) "the absence of a concern that the defense is 'unlocking the doors of discovery;'" (4) "the limited

discovery costs, in relation to the costs imposed on a defendant, since it is unlikely that either side will pursue discovery on frivolous defenses;" (5) unfairness of holding the defendant to the same pleading standard as the plaintiff when the defendant has only a limited time to respond to the complaint; (6) "the low likelihood that motions to strike affirmative defenses would expedite the litigation, given that leave to amend is routinely granted;" (7) the risk that a defendant will waive an affirmative defense by failing to plead it at the early stage of the litigation; (8) the lack of detail in Form 30; and (9) "the fact that a heightened pleading requirement would produce more motions to strike, which are disfavored.

## C. CONCLUSION

REASONS WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests this Honorable Court to DISMISS Plaintiff's Motion to Strike Defendant's Affirmative Defenses with costs in favor to Defendant.

Dated this 13th day of December, 2022.

Respectfully Submitted,

Gerardo Valdivia d/b/a Tondero Peruvian Cuisine,
Defendant in *pro per*

## **VERIFICATION**

I, Gerardo Valdivia, hereby declare that I am the Defendant in the above-entitled matter, competent to make this declaration, that I have read the foregoing Opposition to Plaintiff's Motion to Strike Defendant's Affirmative Defenses, and know the contents thereof. That the same is true and correct to the best of my knowledge, except as to matters stated upon information and belief, and as to those matters, I believe them to be true.

Dated this 13th  day of December, 2022.

Respectfully Submitted,

_____
Gerardo Valdivia d/b/a Tondero Peruvian Cuisine,
Defendant in *pro per*

## CERTIFICATE OF SERVICE

I am employed in the County of LOS ANGELES, State of California. I am over the age of 18 and not a party to the within action. My business address is 770 St Louis Ave Unit 2, Long Beach CA 90804

On 12/13/2022, I served the foregoing documents described as **DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSE** attached hereto on all interested
parties in this action by the method indicated below and to the following addresses:

Thomas P. Riley, SBN 194706
LAW OFFICES OF THOMAS P. RILEY, P.C.
First Library Square -
1114 Fremont Avenue South Pasadena, CA 91030-3227
Tel: 626-799-9797 Fax: 626-799—9795 TPRLAW@att.net
Attorneys for Plaintiff Innovative Sports Management, Inc.
dfbla Integrated Sports Media

[x ] BY MAIL - I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.
[x ] (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on 12/13/2022 at Los Angeles, California.

ART CERVERA PROCESS SERVER
REG # 2020000027
SIGNATURE _____