1   Thomas P. Riley, SBN 194706
2   LAW OFFICES OF THOMAS P. RILEY, P.C.
    First Library Square
3   1114 Fremont Ave.
    South Pasadena, CA 91030
4
5   Tel:  626-799-9797
    Fax:  626-799-9795
6   TPRLAW@att.net
7
8   Attorneys for Plaintiff
    Innovative Sports Management, Inc.,
9   d/b/a Integrated Sports Media

10              UNITED STATES DISTRICT COURT
11              CENTRAL DISTRICT OF CALIFORNIA
                      WESTERN DIVISION
12

| | |
|---|---|
| INNOVATIVE SPORTS MANAGEMENT, INC., d/b/a INTEGRATED SPORTS MEDIA,<br><br>Plaintiff,<br><br>vs.<br><br>GERARDO VALDIVIA, individually and d/b/a TONDERO PERUVIAN CUISINE,<br><br>Defendant. | Case No.:  2:22-cv-07303-TJH-PLA<br><br>PLAINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL; MEMORANDUM OF POINTS AND AUTHORITIES<br><br>Date:   May 10, 2023<br>Time:  10:00 a.m.<br>Place:  Courtroom 780, 7th Floor<br>Judge:  Hon. Paul L. Abrams |

23   TO THE HONORABLE COURT, THE DEFENDANT AND TO HIS

24   ATTORNEYS OF RECORD:

25          PLEASE TAKE NOTICE that on May 10, 2023 at 10:00 a.m., or as soon

26   thereafter as this matter may be heard in Courtroom 780 of the United States

27

28   District Court, Central District of California, located at 255 East Temple Street,

Los Angeles, CA, 90012, Plaintiff Innovative Sports Management, Inc., d/b/a

Integrated Sports Media (hereinafter "Plaintiff"), by and through counsel, will

present its Motion to Compel.

This Motion is brought pursuant to Plaintiff's March 14, 2023 discovery

deficiency letter and Plaintiff's March 23, 2023 letter requesting a "meet and

confer" with respect to this specific Motion. *Riley Decl.*, Ex. 1, 3. To date, no

response to either letter has been received. *Id.* ¶¶ 6, 8.

For the reasons set forth herein and in the accompanying documentation

submitted herewith, Plaintiff respectfully requests that its Motion to Compel be

granted, and that the Court award such other relief as may be just and proper.

Respectfully submitted,

/s/ *Thomas P. Riley*

Dated:  April 12, 2023          **LAW OFFICES OF THOMAS P. RILEY, P.C.**
By:  Thomas P. Riley
Attorneys for Plaintiff
Innovative Sports Management, Inc.,
d/b/a Integrated Sports Media

# **TABLE OF CONTENTS**

**PAGE(S)**

TABLE OF CONTENTS ...........................................................................i

TABLE OF AUTHORITIES ....................................................................ii

MEMORANDM OF POINTS AND AUTHORITIES ............................3

INTRODUCTION AND RELEVANT PROCEDURAL HISTORY .....................3

ARGUMENT .......................................................................................... 4

I.  DEFENDANT'S DISCOVERY RESPONSES WERE INCOMPLETE AND
    EVASIVE SUCH THAT THIS COURT SHOULD COMPEL DEFENDANT
    TO RESPOND IN FULL .....................................................................4

A. Interrogatories ...................................................................................4

B. Requests for Production of Documents............................................8

C. Requests for Admission .....................................................................9

II. PLAINTIFF IS ENTITLED TO ITS REASONABLE EXPENSES.................11

CONCLUSION .....................................................................................12

1

2

# TABLE OF AUTHORITES

3

**PAGE(S)**

Cases

4

5

*Alfaro v. City of San Diego*,
2018 WL 4562240 (S.D. Cal. Sept. 21, 2018) ........................................................5

6

*Al Otro Lado, Inc. v. Neilsen*,
328 F.R.D. 408 (S.D. Cal. 2018).............................................................................7

7

8

*Daniels v. G4S Secure Sols. USA, Inc.*,
2021 WL 3742039 (C.D. Cal. Jan. 4, 2021) ..........................................................10

9

*Kilroy v. L.A. Unified Sch. Dist. Bd. of Educ.*,
2018 WL 6071403 (C.D. Cal. May 24, 2018) ......................................................5, 6

10

11

*Monster Energy Co. v. Vital Pharm., Inc.*,
2020 WL 6653583 (C.D. Cal. Jan. 2, 2020) ...........................................................5

12

*O.L. v. City of El Monte*,
2021 WL 926105 (C.D. Cal. Jan. 1, 2021) .............................................................5

13

14

*Raygoza v. City of Fresno*,
297 F.R.D. 603 (E.D. Cal. 2014) ..........................................................................11

15

*Shaw v. Davis*,
2021 WL 3889980 (D. Nev. Aug. 31, 2021) ...........................................................4

16

17

*Silva v. Domino's Pizza*,
2019 WL 6448961 (C.D. Cal. Sept. 30, 2019).........................................................4

18

*Thomas v. Cate*,
715 F. Supp. 2d 1012 (E.D. Cal. 2010)...................................................................8

19

Federal Rules of Civil Procedure

20

26................................................................................................................................4, 7

21

33...................................................................................................................................5

22

34...................................................................................................................................9

23

36...................................................................................................................................9

24

37.............................................................................................................................4, 11

25

Local Rules

26

33-2 ..............................................................................................................................8

27

34-2 ..............................................................................................................................9

28

36-2 ............................................................................................................................10

# MEMORANDUM OF POINTS AND AUTHORITIES

# INTRODUCTION AND RELEVANT PROCEDURAL HISTORY

This is a commercial piracy case arising out of the alleged unlawful interception, receipt and/or publication of Plaintiff's November 11, 2021 "Program," the *Peru v. Bolivia Soccer Match*. Plaintiff served Interrogatories ("INT"), Requests for Admission ("RFA"), and Requests for Production of Documents ("RFP") on Defendant on January 5, 2023. *Riley Decl.* ¶ 4; *Id.* Ex. 1-3. Defendant responded to the discovery on January 20, 2023. *Id.* ¶ 4; *Id.* Ex. 4-6. On March 14, 2023, Plaintiff sent a detailed discovery deficiency letter to Defendant. *Id.* ¶ 5; *Id.*, Ex. 7. Defendant did not respond to Plaintiff's March 14, 2023 letter. *Id.* ¶ 6. On March 23, 2023, Plaintiff sent a letter to Defendant requesting that he participate in a meet and confer with respect to the instant Motion. *Id.* ¶ 7; *Id.*, Ex. 9. Again, Defendant did not respond. *Id.* ¶ 8. To date, notwithstanding Plaintiff's efforts, Defendant has made no effort to supplement and/or amend his original discovery responses. *Id.* ¶ 9.

///

///

///

///

///

///

# **ARGUMENT**

I.    DEFENDANT'S    DISCOVERY    RESPONSES    WERE    INCOMPLETE  AND  EVASIVE,  SUCH  THAT  THIS  COURT    SHOULD COMPEL DEFENDANT TO RESPOND IN FULL.

Federal Rule of Civil Procedure 37(a)(3)(B) permits the filing of a motion to compel discovery. Under Rule 37, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). As discussed herein, Defendant's discovery responses are evasive and incomplete, and Defendant's objections are not well taken.

A.    Interrogatories

At the outset of his INT responses, Defendant includes "General Objections." Such objections have no legal validity. *Silva v. Domino's Pizza*, 2019 WL 6448961, at *2 (C.D. Cal. Sept. 30, 2019) ("Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all"). Within these General Objections, Defendant also purports to reserve the right to supplement. There is already a duty to supplement. Fed. R. Civ. P. 26(e)(1). To the extent Defendant relies on the duty to supplement as an excuse not to answer initially, that is improper. *See Shaw v. Davis,* 2021 WL 3889980, at *3 (D. Nev. Aug. 31, 2021) ("the responding party must conduct a search for relevant information and must answer interrogatories after a diligent search.")

///

In response to every INT, Defendant offers the same five boilerplate objections. *See Riley Decl.*, Ex. 4, *passim.* Plaintiff discusses the defects with the five particular objections below, but as an overarching matter, Defendant makes no effort to identify any specific defect in any specific INT such that the responses are invalid on their face. *See* Fed. R. Civ. P. 33(b)(4); *Monster Energy Co. v. Vital Pharm., Inc.*, 2020 WL 6653583, at \*10 (C.D. Cal. Jan. 2, 2020) ("[t]he grounds for objecting to an interrogatory must be stated with specificity."). In addition, "[t]he party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Kilroy v. L.A. Unified Sch. Dist. Bd. of Educ.*, 2018 WL 6071403, at \*2 (C.D. Cal. May 24, 2018) (citation omitted). That Defendant makes the same objections to every INT only serves to confirm that the objections are invalid. *Alfaro v. City of San Diego*, 2018 WL 4562240, at \*1 (S.D. Cal. Sept. 21, 2018) ("The manner in which defendant deploys boilerplate objections demonstrates that they are without substance. Indeed, for every interrogatory particularized response provided, defendant first made a boilerplate objection.").

As to the five objections within each INT response, first, Defendant says that the material is equally available to the Plaintiff. Setting aside the absurdity of this with respect to certain INT (e.g., names of employees, income, account holders), this is not a valid objection. *O.L. v. City of El Monte*, 2021 WL 926105,

at *3 (C.D. Cal. Jan. 1, 2021) ("An objection that documents are equally available to the requesting party is inappropriate.") (citation omitted).

Second, Defendant says hat Plaintiff seeks "information that is not materially relevant to the Plaintiff's claims." First, the burden of establishing this on Defendant. *Kilroy*, 2018 WL 6071403 at *2 (C.D. Cal. May 24, 2018) ("[t]he party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections."). Next, in many instances this objection is absurd on its face. Presumably Defendant does not seriously intend to argue that the names of the employees working on the night of the broadcast, the names of the owners of the establishment, and the types of television programming accounts the establishment held are not relevant or, at a minimum, unlikely to lead to admissible evidence.

Third, Defendant says that "*the only possible purpose* of the request is to harass and to cause hardship to the plaintiff (sic) and needlessly increase the cost of the litigation to the Respondent[.]" (emphasis added). On the contrary, another "possible" purpose – and, in fact, the *actual* purpose - is to obtain information regarding what occurred at Tondero Peruvian Cuisine on November 11, 2021. Moreover, at no time does Defendant indicate how he believes the INT to be harassing.

With respect to the objection that the "request is unnecessarily and unreasonabl[y] cumulative and/or duplicative as well as obtainable from some

other source that is more convenient, less burdensome and less expensive taking into account the needs of the case pursuant to Fed. R. Civ. P. 26(c)," once again, Defendant offers no specificity. In particular, Defendant does not indicate how he has already provided information such that an INT could even arguably be considered "cumulative or duplicative." As a practical matter, as Defendant has provided no substantive responses to any discovery request, this cannot be true. Rule 26(c) applies specifically to protective orders. Fed. R. Civ. P. 26(c). Defendant has not sought a protective order, let alone identified any more convenient avenue through which the information sought may be ascertained.

Defendant's last objection is that the "requested information is not in the knowledge or possession of the Defendant at the present moment." Setting aside that it is difficult to believe that Defendant does not *currently* know such things as who owned the establishment on November 11, 2021, this is not a valid objection. Defendant has a duty to obtain the information. *Al Otro Lado, Inc. v. Neilsen*, 328 F.R.D. 408, 418 (S.D. Cal. 2018) ("A party responding to a document request cannot furnish only that information within his immediate knowledge or possession; he is under an affirmative duty to seek that information reasonably available to him.").

In response to INT No. 6, Defendant adds, "[s]ubject to and without waiving these objections, and to the extent Defendant understands this request, Defendant responds as follows: Deny." *Riley Decl.,* Ex. 4, INT No. 6. The comment "to the

extent Defendant understands this request," has no meaning. If Defendant believes there is an ambiguity in the INT, he is required to address it with specificity. *See Thomas v. Cate,* 715 F. Supp. 2d 1012, 1030 (E.D. Cal. 2010)*, order clarified* 2010 WL 797019 (E.D. Cal. Mar. 5, 2010) ("the party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity by demonstrating that more tools beyond mere reason and common sense are necessary to attribute ordinary definitions to terms and phrases."). In any event, INT No. 6 asked Defendant to provide information as to each person who was identified as a licensee of the establishment according to the City of Pico Rivera as of Thursday, November 11, 2021. *Riley Decl.,* Ex. 1, INT No. 6. "Deny" is nonresponsive.

Finally, and while a relatively minor violation in view of the others, Defendant did not quote the INT in full in his responses. L.R. 33-2.

B.    Requests for Productions of Documents.

In response to Plaintiff's RFP, Defendant neither provided nor indicated that he would provide even a single document. Rather, Defendant's responses were nearly identical to his responses to the INT. In fact, he referred to each request as an interrogatory. *See Riley Decl.,* Ex. 5, *passim.* The only differences are that Defendant did not include an objection that information is equally available to Plaintiff and, for responses to RFP Nos. 1-3, did not claim that the information is not in his knowledge or possession at the present moment. For the same reasons

these response are invalid in response to the INT, they are invalid as responses to

the RFP. *See* Fed. R. Civ. P. 34(b)(2)(B) (requiring objections be stated with

specificity). Next, the Federal Rules requires that if a party is withholding

documents subject to an objection, he must state as such. Fed. R. Civ. P.

34(b)(2)(C). There is no such statement in any response. *See Riley Decl.*, Ex. 5,

*passim.* Finally, as with the other discovery, Defendant does not quote the RFP in

full in his responses. L.R. 34-2; *Riley Decl.,* Ex. 5, *passim*

      C.    <u>Requests for Admission.</u>

      Defendant begins his responses to the RFAs with a lengthy "Preliminary

Statement" that purports to reserve objections. *Riley Decl.*, Ex. 6. Like the

"General Objections" offered in response to the INT and RFP, this has no legal

efficacy. Defendant also purport to reserve the right to change his responses. That

is also impermissible. "A matter admitted under this rule is conclusively

established unless the court, on motion, permits the admission to be withdrawn or

amended." Fed. R. Civ. P. 36(b). Next, save for whether it ultimately ends with

"Admit" or "Deny," Defendant includes the same response to every RFA:

      Responding party is unable to admit or deny because the

      information known or readily obtainable is insufficient to enable the

      responding party to admit the matter, although a reasonable inquiry

      concerning the matter in the particular request has been made,

      Plaintiff (sic) objects to this interrogatory (sic) because it calls for

the plaintiff (sic) to make a legal conclusion Subject to and without

waiving these objections, and to the extent Defendant understands

this request, Defendant responds as follows: [Admit or Deny].

*Riley Decl.,* Ex. 6, *passim.* First, the responses are internally inconsistent.

Defendant initially says that he cannot "admit or deny" after reasonable inquiry,

but then does admit or deny each RFA. It must be one of the other. With respect to

the caveat, "to the extent Defendant understands this request," this appears to be an

attempt to introduce an escape hatch to permit Defendant to circumvent an earlier

response. If Defendant truly did not understand what a particular RFA was asking,

his obligation was to make a proper objection explaining why.

   With respect to the objection that the RFA call for a legal conclusion, it is

nonsensical to raise this objection to *every* RFA. The great majority of the RFAs

do not even allude to legal conclusions. Next, as a practical matter, while RFAs

asking for *pure* legal conclusions may be impermissible, "Rule 36 [] allow[s] for

requests relating to 'facts, the application of law to fact, or opinions about either.'"

Rule 36(a)(1)(A)." *Daniels v. G4S Secure Sols. USA, Inc.*, 2021 WL 3742039, at

*10 (C.D. Cal. Jan. 4, 2021) (citation/quotation in original). None of Plaintiff's

requests address pure legal conclusions.

   Finally, as with the INT and RFP, Defendant failed to quote the RFA in full

in his responses. L.R. 36-2.

///

II.     PLAINTIFF IS ENTITLED TO ITS REASONABLE EXPENSES.

Federal Rule of Civil Procedure 37(a)(5) provides for the imposition of the reasonable expenses incurred, including attorneys' fees, in bringing a motion to compel. Fed. R. Civ. P. 37(a)(5). The award of expenses is mandatory unless one of the three Rule 37(a)(5) mitigating factors are present. *See Id.* (noting that the Court "must" award such expenses in the absence of a mitigating factor). The Court must decline to award expenses if it finds that Plaintiff, "filed the motion before attempting in good faith to obtain the disclosure or discovery without court action[,]" or if it find Defendant's actions "substantially justified[,]" or if "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(i) – (iii). Here, there are no mitigating factors that would require this Court to decline an award of reasonable expenses. Plaintiff sent a detailed deficiency letter that outlined the particular defects in Defendant's responses, and asked that he cure them. *Riley Decl.* ¶ 5; *Id.*, Ex. 1. In that letter, Plaintiff stated, "[t]o avoid the necessity of a Motion to Compel, I request that Defendant supplement and/or modify his responses o cure the various deficiencies therein." *Riley Decl.,* Ex. 1 at 1. The burden is on Defendant to demonstrate that his responses were "substantially justified,' or that an award would be unjust. *Raygoza v. City of Fresno*, 297 F.R.D. 603, 608 (E.D. Cal. 2014).

Should the Court grant Plaintiff's Motion to Compel, Plaintiff respectfully requests fourteen days to submit its reasonable expenses.

## <u>CONCLUSION</u>

Defendant's discovery responses and objections were invalid such that Defendant must respond in full to Plaintiff's discovery.

WHEREFORE, Plaintiff respectfully requests that Honorable Court compel Defendant to respond further to Plaintiff's discovery by May 22, 2023, that the Court grant Plaintiff's its reasonable expenses related to this motion upon submission thereof, and that the Court order such other relief as may be just and proper.

The undersigned, counsel of record for Innovative Sports Management, Inc., d/b/a Integrated Sports Media, certifies that this brief contains 2,203 words, which complies with the word limit of L.R. 11-6.1.

Dated:  April 12, 2023          /s/ *Thomas P. Riley*
                                **LAW OFFICES OF THOMAS P. RILEY, P.C.**
                                By:  Thomas P. Riley
                                Attorneys for Plaintiff
                                Innovative Sports Management, Inc.,
                                d/b/a Integrated Sports Media

**PROOF OF SERVICE**

1

2      I declare that:

3

4      I am employed in the County of Los Angeles, California.  I am over the age
of eighteen years and not a party to the within cause; my business address is First
5   Library Square, 1114 Fremont Avenue, South Pasadena, California 91030.  I am
readily familiar with this law firm's practice for collection and processing of
6   correspondence/documents for mail in the ordinary course of business.

7      On April 12, 2023, I caused to serve the following document entitled:

8      PLAINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL;
9      MEMORANDUM OF POINTS AND AUTHORITIES

10     On all parties referenced by enclosing a true copy thereof in a sealed
11  envelope with postage prepaid and following ordinary business practices, said
envelope was addressed to:
12

13     Gerardo Valdivia (Defendant)
       9347 Slauson Avenue
14     Pico Rivera, CA 90660

15

16  The fully sealed envelope with pre-paid postage was thereafter placed in our law
firm's outbound mail receptacle in order that this particular piece of mail could be
17  taken to the United States Post Office in South Pasadena, California later this day
by myself (or by another administrative assistant duly employed by our law firm).
18

19     I declare under the penalty of perjury pursuant to the laws of the United
States that the foregoing is true and correct and that this declaration was executed
20  on April 12, 2023, at South Pasadena, California.
21

22  Dated:  April 12, 2023
23                                        ISABELLA FERNANDEZ

24

25

26

27

28