FILED

Gerardo Valdivia
9347 Slauson Avenue
Pico Rivera, CA 90660
In Pro Per

2023 APR 17 PM 4: 10

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY _____

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| INNOVATIVE SPORTS MANAGEMENT, INC., dlb/a INTEGRATED SPORTS MEDIA<br><br>Plaintiff,<br><br>vs.<br><br>GERARDO VALDIVIA, individually : and d/b/a TONDERO PERUVIAN : CUISINE,<br><br><br>Defendants | CASE NO. :  G.V<br>2:22-CV-07303-TJH- KSx<br><br>DATE: 5/15/23   G.V.<br>HOUR: 10:00 am   G.V.<br>DEPT: 5C  350 W 1st St. G.V.<br><br>Amended  G.V.<br>**NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |

**MOTION TO COMPEL**

AND NOW, comes the Defendant, Gerardo Valdivia, by and through himself, pro se, to file the motion compel and in support thereof avers as follows:

I. INTRODUCTION

1. The Defendant has served discovery requests on the Plaintiff who has failed to comply with their obligations to respond by serving evasive and incomplete responses to the discovery.

2. Based on the foregoing and pursuant to the authorities cited herein, the Defendant is

1

requesting an ORDER compelling the Plaintiff to serve complete responses to the discovery requested as well as the imposition of **sanctions** for the Plaintiff's willful disregard to their discovery obligations.

## II. LEGAL STANDARDS

3. A court may compel discovery responses when "a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested. . . ." FED. R. CIV. P.37(a)(2)(B).

4. Pursuant to Federal Rule of Civil Procedure 26(b), parties are entitled to discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

7. Rule 26 is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." Energy Power (Shenzhen) Co. v. Wang, No. 13-cv-11348, 2014 WL 4687784, at *2 (D. Mass. Sept. 17, 2014) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978)).

8. "District courts exercise broad discretion to manage discovery matters," Heidelberg Ams., Inc. v. Tokyo Kikai Seisakusho, Ltd., 333 F.3d 38, 41 (1st Cir. 2003), and "to tailor discovery narrowly," Cutter v. HealthMarkets, Inc., No. 10-cv-11488, 2011 WL 613703, at *2 (D. Mass. Feb. 10, 2011) (quoting Crawford-El v. Britton, 523 U.S. 574, 598 (1998)). When exercising this discretion, courts are mindful of the proportionality considerations articulated in Rule 26(b)(1).Fed. R. Civ. P. 26(b)(1).

9. "A court must limit discovery if it determines that the discovery sought is (1) unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (2) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the projected

discovery in resolving the issues." In re New England Compounding Pharmacy, Inc. Prods. Liab. Litig., No. 13-cv-02419, 2014 WL 12814933, at *2 (D. Mass. Feb. 7, 2014); see also Fed. R. Civ. P. 26(b)(2)(C).

10. As the party resisting discovery, Defendants bear "the burden of showing some sufficient reason why discovery should not be allowed." Flag Fables, Inc. v. Jean Ann's Country Flags and Crafts, Inc., 730 F. Supp. 1165, 1186 (D. Mass. 1989) (citation and internal quotation marks omitted).

11. Merely because compliance with a "Request for Production" would be costly or time-consuming is not ordinarily sufficient reason to grant a protective order where the requested material is relevant and necessary to the discovery of evidence. . . . [Where] the plaintiff has a demonstrable need for the documents, the defendant undisputedly has possession of them, and the plaintiff has no other access to them . . . . the defendant has a duty pursuant to Rule 34 to produce [responsive documents]. Kozlowski v. Sears, Roebuck & Co., 73 F.R.D. 73, 76 (D. Mass. 1976) (internal citations omitted).

III. QUESTIONS PRESENTED

12. Should The Motion To Compel Be Granted?

(Suggested Answer: Yes)

IV . ARGUMENT

A.  PLAINTIFFS' DISCOVERY REQUESTS ARE NARROWLY TAILORED, DIRECTLY RELEV ANT AND NOT UNDULY BURDENSOME.

13. Plaintiffs' discovery requests are narrowly tailored and seek information that is directly relevant to Defendant's business relationship with the Plaintiff as well as the actions inducing reliance and performance of the Plaintiff in addition to the misconduct and breaches complained of in the instant matter; all of which fall within the scope of discovery pursuant to the legal standards identified herein thereby warranting the instant motion to compel.

B. DEFENDANT HAS WILLFULLY REFUSED TO COMPLY WITH DISCOVERY OBLIGATIONS

14. Rule 26 is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." Energy Power (Shenzhen) Co. v. Wang, No. 13-cv-11348, 2014 WL 4687784, at *2 (D. Mass. Sept. 17, 2014) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978)).

15. As the party resisting discovery, Defendants bear "the burden of showing some sufficient reason why discovery should not be allowed." Flag Fables, Inc. v. Jean Ann's Country Flags and Crafts, Inc., 730 F. Supp. 1165, 1186 (D. Mass. 1989) (citation and internal quotation marks omitted).

16. Request for Admissions

The request for admissions are incomplete with unmeriotoriuis objections such as a "Defendant's Request for Admission No. 5 is unintelligible. As such Plaintiff cannot ascertain Defendant's request and on that basis Request for Admission No. I is denied. "

17. Request for SPecial Interrogatories

Almost all requests were responded with a frivolous response such as : Objection. INNOVATIVE SPORTS MANAGEMENT, INC. objects to each and every, all and singular, of the items listed as Defendant's Request for Production No. 13 as follows: Attorney- Client privilege; work product privilege; the privileges accorded under the United States Constitution and the Constitutions of one or more of the fifty states, the privileges accorded under the rights of privacy of third parties, including but not limited to, INNOVATIVE SPORTS MANAGEMENT, INC., the privileges accorded other third parties, including but not limited to, those persons and parties who are listed and described in the documents herein; that the books, letters, papers and files, and each of the same, constitute proprietary information, constitute a trade secret, constitute information which INNOVATIVE SPORTS MANAGEMENT, INC. has a reasonable expectation of privacy and is subject to a right of privacy; constitute secrets, formulas, trade secrets, and business information. INNOVATIVE SPORTS MANAGEMENT, INC. furthermore objects on the basis that the document request is overly broad, and moreover, seeks documents which are extremely voluminous. INNOVATIVE SPORTS

MANAGEMENT, INC. also objects that some or all of these books, letters, papers, and files, are available to the propounding party through other and alternative sources, including but not limited to, third parties herein. INNOVATIVE SPORTS MANAGEMENT, INC. also objects on the basis of the rights of privacy of third parties in that the person and parties herein would have a reasonable expectation of privacy thereunder. INNOVATIVE SPORTS MANAGEMENT, INC. also objects on the basis that the request seeks information that is irrelevant and not proportional to the needs of the case. Even simple information as licenses are being objected by Plaintiff. As you can see attached.

18. Request for production

Almost all requests were responded with a frivolous response such as : Objection. INNOVATIVE SPORTS MANAGEMENT, INC. objects to each and every, all and singular, of the items listed as Defendant's Request for Production No. 13 as follows: Attorney- Client privilege; work product privilege; the privileges accorded under the United States Constitution and the Constitutions of one or more of the fifty states, the privileges accorded under the rights of privacy of third parties, including but not limited to, INNOVATIVE SPORTS MANAGEMENT, INC., the privileges accorded other third parties, including but not limited to, those persons and parties who are listed and described in the documents herein; that the books, letters, papers and files, and each of the same, constitute proprietary information, constitute a trade secret, constitute information which INNOVATIVE SPORTS MANAGEMENT, INC. has a reasonable expectation of privacy and is subject to a right of privacy; constitute secrets, formulas, trade secrets, and business information. INNOVATIVE SPORTS MANAGEMENT, INC. furthermore objects on the basis that the document request is overly broad, and moreover, seeks documents which are extremely voluminous. INNOVATIVE SPORTS MANAGEMENT, INC. also objects that some or all of these books, letters, papers, and files, are available to the propounding party through other and alternative sources, including but not limited to, third parties herein. INNOVATIVE SPORTS MANAGEMENT, INC. also objects on the basis of the rights of privacy of third parties in that the person and parties herein would have a reasonable expectation of privacy

5

that the request seeks information that is irrelevant and not proportional to the needs of the case. Even simple information as licenses are being objected by Plaintiff. As you can see attached.

## CERTIFICATE OF CONFERENCE

The Plaintiff presented the Defendant's counsel with these requests for information in good faith for resolution of discovery matters without the involvement of Court. The Defendant by and through Opposing Counsel responded with the frivolous and erroneous objections referenced and exhibited herein. The Plaintiff hereby certifies that a good faith effort to resolve the discovery requests in the instant matter without the involvement of Court has been made to no avail thereby warranting the instant motion to compel.

## CONCLUSION

WHEREFORE Plaintiffs respectfully request that the Court compel Defendant to provide complete responses to Plaintiffs' interrogatories and requests for production of documents within ten days of the Court's Order under penalty of contempt for failure to do so in addition to issuing sanctions against the Defendant for their willful refusal to comply.

DATED: March 30, 2023

Respectfully Submitted,

6

DECLARATION OF GERARDO VALDIVIA

As the party resisting discovery, Defendants bear "the burden of showing some sufficient reason why discovery should not be allowed." Flag Fables, Inc. v. Jean Ann's Country Flags and Crafts, Inc., 730 F. Supp. 1165, 1186 (D. Mass. 1989) (citation and internal quotation marks omitted).

16. Request for Admissions

The request for admissions are incomplete with unmeriotoriuis objections such as a "Defendant's Request for Admission No. 5 is unintelligible. As such Plaintiff cannot ascertain Defendant's request and on that basis Request for Admission No. I is denied. "

17. Request for SPecial Interrogatories

Almost all requests were responded with a frivolous response such as : Objection. INNOVATIVE SPORTS MANAGEMENT, INC. objects to each and every, all and singular, of the items listed as Defendant's Request for Production No. 13 as follows: Attorney- Client privilege; work product privilege; the privileges accorded under the United States Constitution and the Constitutions of one or more of the fifty states, the privileges accorded under the rights of privacy of third parties, including but not limited to, INNOVATIVE SPORTS MANAGEMENT, INC., the privileges accorded other third parties, including but not limited to, those persons and parties who are listed and described in the documents herein; that the books, letters, papers and files, and each of the same, constitute proprietary information, constitute a trade secret, constitute information which INNOVATIVE SPORTS MANAGEMENT, INC. has a reasonable expectation of privacy and is subject to a right of privacy; constitute secrets, formulas, trade secrets, and business information. INNOVATIVE SPORTS MANAGEMENT, INC. furthermore objects on the basis that the document request is overly broad, and moreover, seeks documents which are extremely voluminous. INNOVATIVE SPORTS MANAGEMENT, INC. also objects that some or all of these books, letters, papers, and files, are available to the propounding party through other and alternative sources, including but not limited to, third parties herein. INNOVATIVE SPORTS MANAGEMENT, INC. also objects on the basis of the rights of privacy of third parties in that the person and parties herein would have a reasonable expectation of privacy thereunder. INNOVATIVE SPORTS MANAGEMENT, INC. also objects on the basis that the request seeks information that is irrelevant and not proportional to the needs of the case. Even simple information as licenses are being objected by Plaintiff. As you can see attached.

18. Request for production

Almost all requests were responded with a frivolous response such as : Objection. INNOVATIVE SPORTS MANAGEMENT, INC. objects to each and every, all and singular, of the items listed as Defendant's Request for Production No. 13 as follows: Attorney- Client privilege; work product privilege; the privileges accorded under the United States Constitution and the Constitutions of one or more of the fifty states, the privileges accorded under the rights of privacy of third parties, including but not limited to, INNOVATIVE SPORTS MANAGEMENT, INC., the privileges accorded other third parties, including but not limited to, those persons and parties who are listed and described in the documents herein; that the books, letters, papers and files, and each of the same, constitute proprietary information, constitute a trade secret, constitute information which INNOVATIVE SPORTS MANAGEMENT, INC. has a reasonable expectation of privacy and is subject to a right of privacy; constitute secrets, formulas, trade secrets, and business information. INNOVATIVE SPORTS MANAGEMENT, INC. furthermore objects on the basis that the document request is overly broad, and moreover, seeks documents which are extremely voluminous. INNOVATIVE SPORTS MANAGEMENT, INC. also objects that some or all of these books, letters, papers, and files, are available to the propounding party through other and alternative sources, including but not limited to, third parties herein. INNOVATIVE SPORTS MANAGEMENT, INC. also objects on the basis of the rights of privacy of third parties

in that the person and parties herein would have a reasonable expectation of privacy thereunder.
INNOVATIVE SPORTS MANAGEMENT, INC. also objects on the basis that the request seeks
information that is irrelevant and not proportional to the needs of the case. Even simple
information as licenses are being objected by Plaintiff. As you can see attached.
CERTIFICATE OF CONFERENCE
The Plaintiff presented the Defendant's counsel with these requests for information in
good faith for resolution of discovery matters without the involvement of Court. The Defendant
by and through Opposing Counsel responded with the frivolous and erroneous objections
referenced and exhibited herein. The Plaintiff hereby certifies that a good faith effort to resolve
the discovery requests in the instant matter without the involvement of Court has been made to
no avail thereby warranting the instant motion to compel.


I declare under penalty of Perjury and under the alws of California

Dated 3/30/2023
Gerardo Valdivia

**PROOF OF SERVICE**
**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of LOS ANGELES, State of California. I am over the age of 18 and not a party to the within action. My business address is 549 Wilshire Blvd #2171 Beverly Hills CA 90211-3104

On Today's Date, I served the foregoing documents described as NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT attached hereto on all interested parties in this action by the method indicated below and to the following addresses:

Thomas P. Riley, SBN 194706
LAW OFFICES OF THOMAS P. RILEY, P.C.
First Library Square -
1114 Fremont Avenue South Pasadena, CA 91030-3227
Tel: 626-799-9797 Fax: 626-799—9795 TPRLAW@att.net
Attorneys for Plaintiff Innovative Sports Management, Inc.
dfbla Integrated Sports Media

[x] BY MAIL - I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.

[ ] BY PERSONAL SERVICE - I caused such envelope to be delivered by a process server employed by [Process Server].

[ ] VIA FACSIMILE- I faxed said document, to the office(s) of the addressee(s) shown above, and the transmission was reported as complete and without error.

[x] (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on 04/12/2023 at Los Angeles, California.

NAME   ART CERVERA PROCESS SERVER REG # 202000027
SIGNATURE _____