Thomas P. Riley, SBN 194706
LAW OFFICES OF THOMAS P. RILEY, P.C.
First Library Square
1114 Fremont Ave.
South Pasadena, CA 91030

Tel:  626-799-9797
Fax: 626-799-9795
TPRLAW@att.net

Attorneys for Plaintiff
Innovative Sports Management, Inc.,
d/b/a Integrated Sports Media

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| INNOVATIVE SPORTS MANAGEMENT, INC., d/b/a INTEGRATED SPORTS MEDIA,<br><br>Plaintiff,<br><br>vs.<br><br>GERARDO VALDIVIA, individually and d/b/a TONDERO PERUVIAN CUISINE,<br><br>Defendant. | Case No.:  2:22-cv-07303-TJH-PLA<br><br>PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO COMPEL<br><br>Date:  May 10, 2023<br>Time:  10:00 a.m.<br>Place:  Courtroom 580, 5th Floor<br>Judge:  Hon. Karen L. Stevenson |

TO THE HONORABLE COURT, THE DEFENDANT AND TO HIS

ATTORNEYS OF RECORD:

   Plaintiff, Innovative Sports Management, Inc., d/b/a Integrated Sports

Media (hereinafter "Plaintiff"), by and through its attorneys of record, hereby files

this Reply to Defendant's Response to Plaintiff's Motion to Compel (hereinafter

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO COMPEL - Page 1

"Def. Resp.") (Dkt. No. 37). For the reasons set forth herein, as well as the reasons set forth in Plaintiff's Motion to Compel, (Dkt. No. 33), Plaintiff respectfully requests that its Motion to Compel be granted.

## REPLY ARGUMENT

I. DEFENDANT'S RESPONSE IS SIGNIFICANTLY LATE AND MAY BE DISREGARDED.

Defendant's Response was due April 19, 2023. C.D. Cal. L-R 7-9 (requiring response be served and filed 21 days prior to hearing date). The document was filed April 28, 2023 (and not entered until May 2, 2023). *See* (Dkt. No. 37); (Dkt., Entry No. 37).

It is unknown when the Response was served. There is an "April 17, 2023" date next to Defendant's signature, *Def. Resp.* at 10, but the document is not sworn and does not include a proof of service. This notwithstanding that Defendant has included a proof of service with previous filings. *E.g.* (Dkt. No. 20 at 8; Dkt. No. 35 at 9). While it appears Defendant wants the Court to think this document was prepared on April 17, 2023 (and perhaps even served on that date), even assuming *arguendo* that is true, the Local Rules require that a response be served *and* filed by the due date. C.D. Cal. L.R. 7-9 ("serve upon all other parties *and* file with the Clerk . . . .") (emphasis added).

Pursuant to Local Rule 7-12, this "Court may decline to consider any memorandum or other document not filed within the deadline set by order or local

rule." C.D. Cal. L-R 7-12. In view of the late filing, Plaintiff requests that Defendant's Response be disregarded.

As a result of the late Response, and through no fault of its own, Plaintiff's Reply is necessarily late. *See* C.D. Cal. L-R 7-10 (requiring Reply 14 days prior to the hearing date). Of course, Plaintiff cannot file a Reply before a Response is received. In any event, Plaintiff first received notice of Defendant's Response on May 2, 2023, *Riley Decl.* (Reply), ¶ 4, and this Reply is filed two days later. If the Court is inclined to consider the Response, Plaintiff respectfully requests that it also consider this Reply.

II. DEFENDANT'S RESPONSE IS LIFTED FROM ANOTHER CASE AND HAS NO SPECIFIC CONNECTION TO THE ISSUES BEFORE THE COURT.[1]

As with his own Motion to Compel, Defendant appears to have lifted arguments from another case wholesale and without due regard for whether they have application to the issues before the Court. This time Defendant borrows from a Fifth Circuit case. Although *pro se* litigants are entitled to a certain amount of leeway, that does not mean they get to disregard the facts and circumstances of the actual case before the Court; it certainly does not mean that they get to make

---

[1] The footer identifies the document as, "Response to Order to Show Cause," *Def. Resp., passim,* and on several occasions Defendant takes issue with and/or asks the Court to overrule a report and recommendation. *Id.* ¶¶ 22, 34, 42, Conclusion.

things up. *See Faretta v. California*, 422 U.S. 806, 834, n. 46 (1966) ("The right of self-representation is not a license to abuse the dignity of the courtroom. Neither is it a license not to comply with relevant rules of procedural and substantive law.").

Among the things Defendant says that are incorrect:

1. There is "proof" attached to Defendant's Response. *Def. Resp.* ¶ 1. There is nothing attached to Defendant's Response.

2. Plaintiff did not make an effort to comply with meet and confer requirements. *Def. Resp.* ¶¶ 3-5, 38-42. To the contrary, *inter alia,* Plaintiff sent a detailed letter to Defendant well in advance of the Motion to Compel. *See Riley Decl.* (Motion), ¶ 5, Ex. 7. (Dkt. No. 32-1). Defendant says, "[t]he correspondence between the parties identified highlights the Defendant's (sic) lack of good faith in the instant matter and the failure to comply with good faith meet and confer requirements." *Def. Resp.* ¶ 39. As Defendant neither attaches correspondence nor makes any specific reference to correspondence on file, it is unclear to which correspondence he is referring. In any event, as Plaintiff explained in painstaking detail why Defendant's responses were deficient and gave him ample time to cure those defects, *see Riley Decl.* (Motion), Ex. 7, this statement lacks any merit.

3. Plaintiff does not identify the discovery requests at issue. *Def. Resp.* ¶ 8. On the contrary, Plaintiff addressed the responses to every discovery response. While it may be technically accurate to say that Plaintiff did not make a *separate*

argument for every defective response, that is because nearly every response was identical and suffered from the same defects. Moreover, when a particular response did have a distinction, Plaintiff addressed it specifically. For example, Defendant's response to INT No. 6 had an additional comment. Plaintiff addressed that specifically. *See Pltf. MTC.* at 9-10 (citations to page number on Court's PDF stamp). Similarly, Plaintiff noted a minor distinction in responses to RFP Nos. 1-3. *Id.* at 10-11.

Defendant also includes a quote saying that, "[a] proper Rule 37(a) motion to compel also 'must attach a copy of the discovery requests at issue . . . .'" *Def. Resp.* ¶¶ 8, 31 (citation omitted). Defendant then says, "[t]hese requirements were not satisfied in the instant matter[.]" *Id.* ¶ 32. As to the statement that Plaintiff failed to attach the discovery itself, that is also wrong. *Riley Decl.* (Motion), ¶ 4, Ex. 1-6. It is particularly ironic that Defendant would make this argument as he did not attach discovery to his own Motion to Compel. *See* (Dkt. No. 35).

4.  Paragraphs 16-22, which Defendant identifies as the "Statement of Facts," *Def. Resp.* at 6 (emphasis removed), does not include any facts. In paragraph 20, Defendant says:

> The Defendant made every good faith effort to provide any and all documentation relevant to their claims *and did in fact so*; the Magistrate *does not have access* to which discovery was provided and

which discovery was not provided because these exchanges are often not filed with the Court."

*Def. Resp.* ¶ 20 (emphasis added).[2] Defendant says the same thing in paragraph 28. *Id.* ¶ 28. As Defendant did not provide *any* documentation, this is simply untrue. Moreover, as Plaintiff did provide the Court with the discovery responses, the statement that the Court does not have access to the materials is nonsensical.

## CONCLUSION

Defendant's Response was late and should be disregarded. Moreover, Defendant's Response does not reflect what has transpired in this case.

WHEREFORE, for the reasons set forth herein, as well as for the reasons set forth in Plaintiff's Motion to Compel, Plaintiff respectfully requests that this Court grant Plaintiff's Motion to Compel, and award such other relief as may be just and proper.

Dated: May 4, 2023        /s/ *Thomas P. Riley*
                                        **LAW OFFICES OF THOMAS P. RILEY, P.C.**
                                        By: Thomas P. Riley
                                        Attorneys for Plaintiff
                                        Innovative Sports Management, Inc.,
                                        d/b/a Integrated Sports Media

---

[2] In paragraphs 16-19, Defendant refers to himself as the Plaintiff, and Plaintiff as the Defendant. He corrected the designation in paragraph 20.

# PROOF OF SERVICE

I declare that:

I am employed in the County of Los Angeles, California. I am over the age of eighteen years and not a party to the within cause; my business address is First Library Square, 1114 Fremont Avenue, South Pasadena, California 91030. I am readily familiar with this law firm's practice for collection and processing of correspondence/documents for mail in the ordinary course of business.

On May 4, 2023, I caused to serve the following document entitled:

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO COMPEL

On all parties referenced by enclosing a true copy thereof in a sealed envelope with postage prepaid and following ordinary business practices, said envelope was addressed to:

Gerardo Valdivia (Defendant)
9347 Slauson Avenue
Pico Rivera, CA 90660

The fully sealed envelope with pre-paid postage was thereafter placed in our law firm's outbound mail receptacle in order that this particular piece of mail could be taken to the United States Post Office in South Pasadena, California later this day by myself (or by another administrative assistant duly employed by our law firm).

I declare under the penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct and that this declaration was executed on May 4, 2023, at South Pasadena, California.

Dated: May 4, 2023

ISABELLA FERNANDEZ