# United States District Court
# Central District of California
# Western Division

INNOVATIVE SPORTS
MANAGEMENT, INC., d.b.a.
INTEGRATED SPORTS MEDIA,

          Plaintiff,

   v.

GERARDO VALDIVIA, d.b.a.
TONDERO PERUVIAN CUISINE,

          Defendant.

CV 22-07303 TJH (KSx)

### Order

    The Court has considered the motion to strike affirmative defenses [dkt. # 18] filed by Plaintiff Innovative Sports Management, Inc., d.b.a. Integrated Sports Media ["Innovative"], together with the moving papers.

    Innovative holds the exclusive United States commercial distribution rights to the *Peru v. Bolivia Soccer Match* ["the Soccer Match"], which was broadcasted nationwide on November 11, 2021.

    On October 6, 2022, Innovative filed this action, alleging that Defendant Gerardo Valdivia displayed, without a license, the Soccer Match at Tondero Peruvian Cuisine, the restaurant that he owns. Innovative alleged the following claims: (1) Unauthorized

interception of satellite communications, in violation of 47 U.S.C. § 605; (2) Unauthorized reception of cable communications, in violation of 47 U.S.C § 553; (3) Conversion; and (4) Violation of California's unfair competition law ["UCL"], Cal. Bus. and Prof. Code § 17200, *et seq*.

On November 18, 2022, Valdivia filed, in *pro per*, his Answer, which contained the following 15 affirmative defenses: (1) Failure to state a claim; (2) Failure to support penalties and/or attorney's fees; (3) Waiver; (4) Equitable defense; (5) Fraud; (6) Statute of limitations; (7) Lack of standing; (8) Action in good faith and for lawful business reasons; (9) Lack of causation; (10) Defendant's actions were justified; (11) Improper party; (12) Defendant's own entitlement to attorney's fees; (13) No damages attributable to defendant; (14) Damages were the result of another party; and (15) Reservation of the right to add additional defenses.

Innovative, now, moves to strike all of Valdivia's affirmative defenses.

**Motion for Leave to File a Sur-Reply**

After Innovative's motion to strike was fully briefed, Valdivia moved for leave to file a sur-reply.  Because that motion was, in fact, an *ex parte* application, and Valdivia failed to comply with the *ex parte* application procedures of Local Rule 7-19.1, the Court denied his motion with leave to renew.  Valdivia never renewed his motion.

The Court's minute order denying Valdivia's motion stated that he failed to lodge his proposed sur-reply.  However, after reviewing the file, it appears that the proposed sur-reply was, indeed, lodged as a separate document.  The lodged sur-reply added nothing new to the arguments made by Valdivia in his opposition brief.

**Innovative's UCL Claim**

Innovative's UCL claim did not include an allegation that it lacks an adequate legal remedy, which is required to invoke the Court's equitable jurisdiction.  *See Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020).  Moreover, Innovative cannot allege the lack of an adequate legal remedy, here, because its other claims are capable of providing an adequate legal remedy – namely, damages.  *See Guzman v.*

*Polaris Indus. Inc.*, 49 F.4th 1308, 1312 (9th Cir. 2022).  Consequently, the Court lacks equitable jurisdiction over Innovative's UCL claim, so that claim will be dismissed, *sua sponte*, without prejudice.  *See Guzman*, 49 F.4th at 1313.

**Motion to Strike Affirmative Defenses**

The Court may strike insufficient affirmative defenses.  Fed. R. Civ. P. 12(f).  An affirmative defense is insufficient if it fails to give the plaintiff fair notice of the defense.  *Wyshak v. City Nat. Bank*, 607 F.2d 824, 827 (9th Cir. 1979).  Generally, the mere recitation of legal doctrine is not enough to sufficiently plead an affirmative defense.  *See Rosen v. Masterpiece Mktg. Grp.*, 222 F. Supp. 3d 793, 798, 804-05 (C.D. Cal. 2016).

Here, all 15 of Valdivia's affirmative defenses are conclusory recitations of legal doctrine, and lack facts sufficient to give Innovative notice.  *See Rosen*, 222 F. Supp. 3d at 798.  Consequently, all of the affirmative defenses will be stricken.  *See Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049-50 (N.D. Cal. 2004).

Affirmative defenses should be stricken with prejudice if they are not curable.  *See Lund v. Cowan*, 5 F.4th 964, 973 (9th Cir. 2021).  A legally proper affirmative defense "precludes liability even if all of the elements of the plaintiff's claim are proven."  *Barnes v. AT&T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1173 (N.D. Cal. 2010).  Thus, a purported affirmative defense that is based on an assertion that the plaintiff cannot prove a claim is not a proper affirmative defense.  *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002).

The affirmative defense for failure to state a claim is not a proper affirmative defense because it is an attack on the sufficiency of the Complaint.  *See Core Nutritionals, LLC v. Performance Nutrition Formulators, LLC*, No. CV 16-00705 TJH JCx, 2016 WL 9175662, at *1 (C.D. Cal. May 16, 2016).  Consequently, it will be stricken with prejudice.

The affirmative defenses for failure to support an award of penalties and/or attorneys' fees, and for Defendant's own entitlement to attorneys' fees, are not

affirmative defenses because they have no relationship to the issue of Valdivia's liability. *See Barnes*, 718 F. Supp. 2d at 1174.   Consequently, they will be stricken with prejudice.

The affirmative defense for the statute of limitations, as a general rule, is a proper affirmative defense. *See Wyshak*, 607 F.2d at 827.   However, as stated above, this affirmative defense lacks a sufficient factual basis because Valdivia has not included the specific statute of limitations on which he relied, and, thus, fails to provide fail notice to Innovative. *See Wyshak*, 607 F.2d at 827.   To the extent that Innovative moved to strike this affirmative defense based on the merits, such a challenge is not appropriate for a motion to strike. *See S.E.C. v. Sands*, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995).   Because this is a potentially viable and curable affirmative defense, it will be stricken without prejudice.

The affirmative defense for lack of standing is not a proper affirmative defense because it attacks the Plaintiff's burden of proof. *See Zivkovic*, 302 F.3d at 1088.   The procedurally proper way to challenge standing is through a Fed. R. Civ. P. 12(b)(1) motion to dismiss. *See Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011). Consequently, the affirmative defense will be stricken with prejudice.

The affirmative defense that Valdivia acted in good faith and for lawful business reasons fails as a matter of law.   Conversion is an intentional tort that requires a showing of a defendant's intent to possess property, and not an intent to dispossess another person of that property. *See Burlesci v. Petersen*, 68 Cal. App. 4th 1062, 1066 (1998).   As a result, evidence of good faith is not relevant for determining liability. *See Bailey v. County of San Joaquin*, 671 F. Supp. 2d 1167, 1178 (E.D. Cal. 2009). However, Valdivia's intent is relevant to a potential award of punitive damages. Cal. Civ. Code § 3294(a).   Nevertheless, in that case, the argument that Valdivia lacked malicious intent is tantamount to an attack on Innovative's ability to meet its burden of proof with regard to punitive damages, and, therefore, is not an affirmative defense. *See Harris v. CVS Pharmacy*, Inc., No. CV 13-02329 AB (AGRx), 2014 WL

1  12967356, at *4 (C.D. Cal. 2014).

2          Similarly, while intent is not relevant to liability under 47 U.S.C. §§ 553 and
3  605, *J & J Sports Prods., Inc. v. Alvarado*, No. CV 15-02518 WDK (PLA), 2017 WL
4  11420277, at *2 (C.D. Cal. Mar. 6, 2017) (citing *International Cablevision, Inc. v.*
5  *Sykes*, 997 F.2d 998, 1004 (2d Cir. 1993), a defendant's intent can be used to increase
6  or decrease the amount of damages awarded.  47 U.S.C. §§ 553(c)(3); 605(e)(3)(C).
7  However, again, the lack of malicious intent defense amounts to an attack on
8  Innovative's ability to meet its burden of proof with regard to its entitlement to damages.
9  *See Zivkovic*, 302 F.3d at 1088; *J & J Sports Prods., Inc. v. Barwick*, No. CV
10  12-05284-LHK, 2013 WL 2083123, at *5 (N.D. Cal. May 14, 2013).  Accordingly, it
11  will be stricken with prejudice.

12          The affirmative defenses for lack of causation, that Valdivia is an improper party,
13  that no damages are attributable to Valdivia, and that Innovative's damages were the
14  result of the actions of others fail because they are all denials of liability.  *See Zivkovic*,
15  302 F.3d at 1088.  Consequently, the Court will strike those affirmative defenses with
16  prejudice.

17          The affirmative defense that recovery is barred because Valdivia's actions were
18  justified is another iteration of Valdivia's good faith defense.  However, this affirmative
19  defense is pled so vaguely that its nature cannot be clearly determined.  Because this is
20  a potentially viable and curable affirmative defense, it will be stricken without prejudice.

21          The final affirmative defense for a reservation of the right to add additional
22  defenses is not a defense, affirmative or otherwise.  *See Vogel v. Huntington Oaks Del.*
23  *Partners*, LLC, 291 F.R.D. 438, 442 (C.D. Cal. 2013).  Consequently, it will be
24  stricken with prejudice.

25

26          Accordingly,

27

28          𝕴𝖙 𝖎𝖘 𝕺𝖗𝖉𝖊𝖗𝖊𝖉 that Innovative's claim under California's unfair competition law,

Cal. Bus. and Prof. Code § 17200, *et seq.*, be, and hereby is, 𝔇𝔦𝔰𝔪𝔦𝔰𝔰𝔢𝔡, *sua sponte*, without prejudice.

It is further Ordered that Innovative's motion to strike [dkt. # 18] be, and hereby is, 𝔊𝔯𝔞𝔫𝔱𝔢𝔡, with prejudice, with regard to the following affirmative defenses: (1) Failure to state a claim; (2) Failure to support penalties and/or attorney's fees; (7) Lack of standing; (8) Action in good faith and for lawful business reasons; (9) Lack of causation; (11) Improper party; (12) Defendant's own entitlement to attorney's fees; (13) No damages attributable to defendant; (14) Damages were the result of another party; and (15) Reservation of the right to add additional defenses.

It is further Ordered that Innovative's motion to strike [dkt. # 18] be, and hereby is, 𝔊𝔯𝔞𝔫𝔱𝔢𝔡, without prejudice, with regard to the following affirmative defenses: (3) Waiver; (4) Equitable defense; (5) Fraud; (6) Statute of limitations; and (10) Defendant's actions were justified.

Date: May 8, 2023

Terry J. Hatter, Jr.
Senior United States District Judge