UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.: CV 22-7303-TJH (KSx)      Date: May 15, 2023
Title: *Innovative Sports Management, Inc. v. Gerardo Valdivia*

Present: The Honorable Karen L. Stevenson, Chief Magistrate Judge

| Gay Roberson | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiff:  N/A      Attorneys Present for Defendant:  N/A

**Proceedings:  (IN CHAMBERS) ORDER RE: PLAINTIFF'S MOTION TO COMPEL (DKT. NO. 33)**

Before the Court is Plaintiff's Motion to Compel filed on April 12, 2023 ("Motion") (dkt. no. 33), along with the Declaration of Thomas P. Riley and related exhibits ("Riley Decl." (dkt. no. 32-1)). Defendant Gerardo Valdivia filed a Response in Opposition to the Motion on April 28, 2023. (Dkt. No. 37.) Plaintiff filed a Reply in support of the Motion on May 4, 2023. (Dkt. No. 39.) On May 5, 2023, the Court deemed this matter suitable for decision without oral argument, vacated the hearing on Plaintiff's Motion, and took the matter under submission. *See* L.R. 7-15.

Having reviewed the parties' submissions, for the reasons discussed below, Plaintiff's Motion is GRANTED in the entirety.

### THE ALLEGATIONS IN THE COMPLAINT

Plaintiff Innovative Sports Management, Inc., d/b/a Integrated Sports Media ("Plaintiff"), commenced this commercial piracy action on October 6, 2022. (Dkt. No. 1.) Plaintiff alleges that Defendant Gerardo Valdivia ("Defendant"), as owner and operator of Tondero Peruvian Cuisine, on November 11, 2021, unlawfully broadcast to patrons of Tondero Peruvian Cuisine a telecast of a *Peru v. Bolivia Soccer Match* (the "Program") for which Plaintiff had been granted exclusive nationwide commercial distribution (closed circuit) rights to broadcast in violation of 47 U.S.C. § 605. (Complaint at ¶¶ 16-25.)

/ /
/ /
/ /
/ /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No.: | CV 22-7303-TJH (KSx) | Date: | May 15, 2023 |
| Title: | *Innovative Sports Management, Inc. v. Gerardo Valdivia* | | |

Plaintiff asserts claims for violation of 47 U.S.C. § 605; violation of 47 U.S.C. § 553; conversion; and violation of California Business and Professions Code § 17200, et seq.[1] Plaintiff seeks statutory damages, costs of suit, and reasonable attorneys' fees.

### PROCEDURAL BACKGROUND

On January 5, 2023, Plaintiff served Interrogatories, RFPs, and RFAs on Defendant. (Riley Decl. ¶ 4.) Defendant served responses to Plaintiff's discovery on January 20, 2023. (*Id.*) Plaintiff, dissatisfied with Defendant's responses sent meet and confer communications regarding the deficiencies in Defendant's responses on Mary 14, 2023, but received no response. (*Id.* at ¶ 5.) On March 23, 20923 Plaintiff send a second meet and confer letter to which Defendant also did not respond. (*Id.* at ¶¶ 7-8.) Plaintiff represents that despite its efforts to confer with Defendant, "Defendant has made no efforts to supplement and/or amend his original discovery responses." (*Id.* at ¶ 9.)

### THE DISPUTED DISCOVERY REQUESTS

Because the Motion concerns the entirety of Defendant's responses and objections to Plaintiff's Interrogatories, RFPs, and RFAs, the Court will not recite the voluminous details of each request and response/objection here. The complete discovery requests and Defendant's objections/responses are available as Exhibits 4-6 to the Riley Declaration. (Dkt. No. 32-1.)

### LEGAL STANDARDS

Under Federal Rule of Civil Procedure 26, a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). As amended on December 1, 2015, Rule 26(b)(1) identifies six factors to be considered when determining if the proportionality requirement has been met, namely, "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* Relevant information need not be admissible to be discoverable. *Id.*

---

[1]     On May 8, 2023, presiding Hon. Terry J. Hatter, Jr. dismissed Plaintiff's claim under Cal. Bus. and Prof. Code § 17200 without prejudice. (Dkt. No. 41.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: CV 22-7303-TJH (KSx)　　　　　　　　　　Date: May 15, 2023
Title: *Innovative Sports Management, Inc. v. Gerardo Valdivia*

　　　　Rule 34 provides that any party may serve on any other party a request for production or inspection of documents within the scope of Rule 26(b) that are in the responding party's possession, custody, or control. FED. R. CIV. P. 34(a). Documents are deemed to be within a party's possession, custody, or control if the party has actual possession, custody, or control thereof or the legal right to obtain the documents on demand. *See In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995), *cert. dismissed*, 517 U.S. 1205 (1996).

　　　　Rule 33 of the Federal Rules of Civil Procedure governs interrogatories to parties. Rule 33 provides, inter alia, that "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts," and "[a]n interrogatory may relate to any matter that may be inquired into under Rule 26(b)." FED. R. CIV. P. 33(a)(1, 2). "Interrogatories must be answered separately and fully in writing under oath" and "grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause excuses the failure." FED. R. CIV. P. 33(b)(3, 4).

　　　　Rule 36 governs Requests for Admission ("RFAs") and allows a party to serve on any other party "a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1), . . . relating to facts, the application of law to fact, or opinions about either and the genuineness of any described document." FED. R. CIV. P. 36(a)(1)(A, B). An RFA is deemed admitted unless the answering party serves a response within 30 days after being served or the parties have stipulated to a shorter or longer time for responding or the court has ordered a different response period. FED. R. CIV. P. 36(a)(3). The answer to each RFA "must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it." FED. R. CIV. P. 26(a)(4).

　　　　Federal Rule of Civil Procedure 37 provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection." FED. R. CIV. P. 37(a)(3)(B). The party seeking to compel production of documents under Rule 34 "has the burden of informing the court why the opposing party's objections are not justified or why the opposing party's responses are deficient." *Best Lockers, LLC v. Am. Locker Grp., Inc.*, 2013 WL 12131586, at *4 (C.D. Cal. Mar. 27, 2013). Further, under Rule 37(a)(5), if a party's motion to compel is granted in the entirety, the court must, after giving an opportunity to be heard, order the party whose conduct necessitated the motion to pay the moving party's reasonable expenses incurred in making the motion, including attorney's fees unless the moving party filed the motion before attempting in good faith to obtain the discovery without court action, the opposing party's conduct

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No.: | CV 22-7303-TJH (KSx) | Date: | May 15, 2023 |
| Title: | *Innovative Sports Management, Inc. v. Gerardo Valdivia* | | |

was substantially justified, or other circumstances make an award of expenses unjust. FED. R. CIV. P. 37(a)(5)(A). When a discovery motion is granted in part and denied in part, the court may "apportion the reasonable expenses for the motion." FED. R. CIV P. 37(a)(5)(C).

District courts have broad discretion in controlling discovery. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). The Court has similarly broad discretion in determining relevancy for discovery purposes when considering a motion to compel. *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005) (citing *Hallet*, 296 F.3d at 751).

## THE MOTION

### A. Plaintiff's Positions

Plaintiff argues that Defendant has provided evasive or incomplete responses to the discovery requests, interposed boilerplate objections, and has produced no responsive documents. Specifically, Plaintiff asserts that "[i]n response to every [interrogatory] Defendant offers the same five boilerplate objections" without making any "effort to identify any specific defect in any specific [interrogatory] such that the responses are invalid on their face." (Motion at 5.)[2]

### 1. Interrogatories

Plaintiff states that Defendant makes the same five boilerplate objections in response to every interrogatory. (*Id.*) Plaintiff argues that Defendant's general objections have no legal validity and emphasizes that Defendant's reservation of the right to supplement his responses makes no sense because parties are already obligated to supplement under Federal Rule 26(e)(1). (*Id.* at 4.) Likewise, Defendant's objection that the information is equally available to Plaintiff is also nonsensical when the Interrogatories seek information such as "the names of the employees working on the night of the broadcast, the names of the owners of the establishment, and the types of television programming accounts the establishment held." (*Id.*; *see, e.g.*, Riley Decl., Ex. A.)

Defendant's last objection is that the information sought is "not in the knowledge or possession of the Defendant at the present moment," and this objection too defies logic when the

---

[2] Plaintiff also objects that Defendant did not quote each discovery request in full in his responses to the Interrogatories, RFPs, and RFAs, but concedes that this is "a relatively minor violation in view of the others." (*See* Motion at 8, 9, 10.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: CV 22-7303-TJH (KSx)     Date: May 15, 2023
Title:    *Innovative Sports Management, Inc. v. Gerardo Valdivia*

information pertains to the ownership, employees, and cable/streaming subscriptions at the establishment Defendant owns and operates. (*Id.* at 7.) Plaintiff points out that in responding to the Interrogatories, if Defendant does not currently know the information needed to respond to the Interrogatories, he "has a duty to obtain the information." (*Id.* at 7 (internal citation omitted).)

### 2. Requests for Production of Documents (RFPs)

Plaintiff points out that in response to the RFPs, "Defendant neither provided nor indicated that he would provide even a single document." (*Id.* at 8.) According to Plaintiff, Defendant's "responses were nearly identical to his responses to the [Interrogatories]" and do not comply with Rule 34"'s requirement that a party must state whether it is withholding documents subject to an objection. (*Id.*)

### 3. Requests for Admission (RFAs)

Here, too, Plaintiff notes that Defendant begins his response with a lengthy "Preliminary Statement" that purports to reserve objections, but has no legal effect. (*Id.* at 9.) Further, according to Plaintiff, Defendant "includes the same response to every RFA." Except for ending each response with an "Admit" or "Deny" statement. (*Id.*) In each case, Defendant asserts that he can not admit or deny "because the information known or readily obtainable is insufficient to enable the responding party to admit the matter" but represents that "a reasonable inquiry concerning the matter in the particular request has been made." (*Id.*)

Plaintiff maintains that these responses are internally inconsistent because although Defendant initially says he cannot "admit or deny," he does admit or deny each RFA. (*Id.* at 10.) Plaintiff argues that if Defendant really did not understand any of the RFAs, "his obligation was to make a proper objection explaining why." (*Id.*) Further, Plaintiff takes issue with Defendant's objection that every one of the RFAs call for a legal conclusion. (*Id.*)

Plaintiff seeks an order compelling Defendant to further respond to Plaintiff's discovery requests by May 22, 2023 and that Plaintiff be granted its reasonable expenses related to this Motion. (*Id.* at 12.)

/ /
/ /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No.: | CV 22-7303-TJH (KSx) | Date: | May 15, 2023 |
| Title: | *Innovative Sports Management, Inc. v. Gerardo Valdivia* | | |

**B. Defendant's Response**

Defendant, who is proceeding *pro se*, offers little to no substantive response to the deficiencies in his discovery responses identified in the Motion. Rather, the Response recites general discovery principles citing case law that appears to have been cut and pasted from another case entirely. Indeed, Defendant asks that "the Magistrate's report and recommendation" be overruled, but no report and recommendation has been issued in this case. (*See* Response at 9.)[3]

## DISCUSSION AND ORDERS

**A. The Discovery Requests At Issue Are Relevant and Proportionate to the Needs of the Case**

While *pro se* filings are liberally construed, self-represented parties must nonetheless comply with court rules of procedure. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). The Court has reviewed Defendant's responses to the Interrogatories, RFPs, and RFAs. As an initial matter the Court finds that the information sought regarding Defendant's business records, licensing agreements for the broadcast, if any, and names of employees of Tondero Peruvian Cuisine on the date of the alleged conduct, is directly related to the allegedly unlicensed broadcast of the Program on November 11, 2021 and proportionate to the needs of the case within the meaning of Rule 26(b)(1). (Riley Decl. ¶ 4, Exs. 4-6.)

In response to the Interrogatories and RFPs, Defendant, indeed, responded to each of the Interrogatories and RFPs with the same five objections: (1) the information sought is "in the possession of . . . or otherwise equally available to Plaintiff"; (2) the request seeks information that is not materially relevant to the Plaintiff's claims; (3) "the only purpose of the request is to harass and to cause hardship to the Plaintiff and needlessly increase the cost of the litigation"; (4) the request is "unnecessarily and unreasonable [sic] cumulative . . . and the information is obtainable from some other source that is more convenient, less burdensome and less expensive"; and (5) the information "is not in the knowledge or possession of the Defendant at the present moment." (*See, e.g.*, Riley Decl., Exs. 4, 5.)

/ /

---

[3] Further, the proper title for the judicial officer is "Magistrate Judge" not Magistrate. *See* Judicial Improvements Act of 1990, HR 5316, Section 321.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:   CV 22-7303-TJH (KSx)                                       Date:   May 15, 2023
Title:   *Innovative Sports Management, Inc. v. Gerardo Valdivia*

In response to the RFAs, Defendant offers the same objections, but admits RFAs Nos. 9, 16, 28, 29, 47-49, 52-53 and denied all of the remaining RFAs. (Riley Decl., Ex. 6.)

The Court agrees with Plaintiff that Defendant's responses to the Interrogatories, RFPs, and RFAs (except as explicitly admitted) are deficient and further responses must be provided. Further, Plaintiff is also correct that Defendant failed to include the full text of each discovery request in his responses. (Riley Decl., Exs. 4-6.) This deficiency alone violates the applicable Federal Rules.

Accordingly, the Motion is GRANTED in the entirety as follows:

**(1) Defendant shall provide further written responses to each Interrogatory, RFP, and RFA, on or before May 22, 2023.** With respect to the RFPs, Defendant's written response must specifically indicate whether Defendant is withholding any documents on the basis of any objection;

**(2) On or before May 22, 2023, Defendant shall produce any responsive documents** in his possession, custody, or control that are responsive to the RFPs; and

**(3) Defendant must produce a Privilege Log on or before May 22, 2023** that identifies any and all documents withheld on the basis of privilege. Any Privilege Log must identify the date of the document, the author and recipient(s), the type of document, i.e., letter, email, text message, etc., and the specific privilege asserted as to the document, i.e., attorney-client privilege or attorney work product doctrine.

**B. Sanctions**

Given the Court's rulings above, the Court finds that an award of reasonable expenses, including attorneys' fees, incurred in bringing the Motion is warranted. Accordingly, Plaintiff shall **within fourteen (14) days of the date of this Order** file a regularly noticed motion, with supporting documentation demonstrating the reasonable expenses, including attorneys' fees, incurred in bringing the Motion. A hearing should be scheduled on the Court's regular motion calendar. The briefing schedule for any Opposition and/or Reply shall be governed by the Local Rules.

**IT IS SO ORDERED.**

Initials of Preparer    gr