FILED

Thomas P. Riley, SBN 194706
LAW OFFICES OF THOMAS P. RILEY, P.C.
First Library Square
1114 Fremont Avenue
South Pasadena, CA 91030-3227

Tel: 626-799-9797
Fax: 626-799-9795
TPRLAW@att.net

2023 MAY 12  PM 12: 35

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

Attorneys for Plaintiff
INNOVATIVE SPORTS MANAGEMENT, INC.
d/b/a INTEGRATED SPORTS MEDIA

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT COURT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| Innovative Sports Management, inc., d/b/a Integrated Sports Media,<br><br>Plaintiff,<br><br>v.<br><br>Gerado Valdivia,<br><br>Defendant. | Case No.: 2:22-cv-07303-TJH-KSx<br><br>**PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUEST SPECIAL INTERROGATORIES** |

**PROPOUNDING PARTY:** Defendant Gerardo Valdivia, individually and d/b/a Tondero Peruvian Cuisine

**RESPONDING PARTY:** Innovative Sports Management, Inc. d/b/a Integrated Sports Media

**SET NUMBER:** ONE (1)

Pursuant to the Federal Rules of Civil Procedure Rule 34, Plaintiff INNOVATIVE SPORTS MANAGEMENT, INC. d/b/a INTEGRATED SPORTS MEDIA ("Plaintiff") hereby responds to Interrogatories of Jorge Daniel Taverna, individually and d/b/a Patagonia Empanadas ("Defendant").

///

///

///

PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUEST SPECIAL INTERROGATORIES
CASE NO: 2:22-cv-07303-TJH-PLA

1

## INTRODUCTION

Plaintiff has not completed its discovery or preparation for the trial of this matter. Furthermore, Plaintiff has not completed its review and analysis of documents thus far gathered in the course of discovery.  Accordingly, these responses are made without prejudice to Plaintiff's right to present additional facts or contentions based upon information and documentation hereafter obtained or evaluated.

Plaintiff specifically reserves the right to supplement or amend these responses or present additional facts, contentions and documents at a later date, including the right to raise any applicable objections, in light of developments in the law or the underlying claims and any relevant information or documentation that Plaintiff subsequently may obtain.

Plaintiff has made a reasonable effort to respond to each interrogatory as it understands and interprets each said interrogatory.  If Defendant subsequently assert a different interpretation, Plaintiff reserves the right to supplement its responses and/or objections.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

## GENERAL OBJECTIONS

The following general objections apply to each and every response given herein, and are incorporated into Plaintiff's responses to each interrogatory as if set forth fully in each and every one of the following responses:

1.      Plaintiff objects to any instructions or directions in the interrogatories to the extent that they are contrary to the provisions of the Federal Rules of Civil Procedure Rule 33.  Plaintiff is not obligated to, and decline to, comply with any instructions or directions that conflict with said Rules to the extent that they purport to require any actions beyond or different from those set forth in Rule 33.

2.      Plaintiff objects to each and every interrogatory to the extent that it calls for the disclosure of information protected by the attorney-client privilege and/or the attorney work product doctrines and/or other applicable privilege or immunity; Plaintiff will not disclose such information.

3.      Plaintiff objects to each interrogatory to the extent that it calls for the disclosure of confidential information protected by the Plaintiff's right to privacy and right to maintain his confidential information.

4.      Plaintiff objects to the Definitions to the extent they impose upon Plaintiff a duty of disclosure or other obligation not required by the Federal Rules of Civil Procedure or Local Rules of the United States District Court for the Western District of California.

5.      Plaintiff objects to the definitions of "YOU" and "YOUR" as being overly broad, unduly burdensome, and vague and ambiguous and to the extent it intends to impose upon Plaintiff the duty to search for or identify documents in the possession of individuals or entities other than Plaintiff and/or seeks information protected by the attorney-client privilege and/or work product doctrine.

6.      In stating the above objections, Plaintiff does not waive, and hereby reserves, any and all of its rights and further objections, Plaintiff further responds as follows:

///

///

///

///

## PLAINTIFF'S RESPONSES TO DEFENDANT'S INTERROGATORIES

### DEFENDANT'S INTERROGATORY NO. 1:

Please state the basis for your belief that the defendant, Gerardo Valdivia, had the right and ability to supervise the activities of Tondero Peruvian cuisine.

### PLAINTIFF'S RESPONSE TO DEFENDANT'S INTERROGATORY NO. 1:

Plaintiff refers propounding party Defendant to the Complaint filed in this action.

### DEFENDANT'S INTERROGATORY NO. 2:

Please describe in detail the alleged unlawful interception, receipt, and publication of the plaintiff's program.

### PLAINTIFF'S RESPONSE TO DEFENDANT'S INTERROGATORY NO. 2:

Objection. Defendant's Interrogatory No. 2 seeks information readily available to himself. Plaintiff further directs Defendant to Plaintiff's Initial Disclosures, served on December 12, 2022.

### DEFENDANT'S INTERROGATORY NO. 3:

Please provide all documents and communication related to the alleged unlawful interception, receipt, and publication of the plaintiff's program.

### PLAINTIFF'S RESPONSE TO DEFENDANT'S INTERROGATORY NO. 3:

Objection. INNOVATIVE SPORTS MANAGEMENT, INC. objects to each and every, all and singular, of the items listed as Defendant's Interrogatory No. 3 as follows: Attorney-Client privilege; work product privilege; the privileges accorded under the United States Constitution and the Constitutions of one or more of the fifty states, the privileges accorded under the rights of privacy of third parties, including but not limited to, INNOVATIVE SPORTS MANAGEMENT, INC., the privileges accorded other third parties, including but not limited to, those persons and parties who are listed and described in the documents herein; that the books, letters, papers and files, and each of the same, constitute proprietary information, constitute a trade secret, constitute information which INNOVATIVE SPORTS MANAGEMENT, INC. has a reasonable expectation of privacy and is

subject to a right of privacy; constitute secrets, formulas, trade secrets, and business information. INNOVATIVE SPORTS MANAGEMENT, INC. furthermore objects on the basis that the document request is overly broad, and moreover, seeks documents which are extremely voluminous. INNOVATIVE SPORTS MANAGEMENT, INC. also objects that some or all of these books, letters, papers, and files, are available to the propounding party through other and alternative sources, including but not limited to, third parties herein. INNOVATIVE SPORTS MANAGEMENT, INC. also objects on the basis of the rights of privacy of third parties in that the person and parties herein would have a reasonable expectation of privacy thereunder. INNOVATIVE SPORTS MANAGEMENT, INC. also objects on the basis that the interrogatory seeks information that is irrelevant and not proportional to the needs of the case.

**DEFENDANT'S INTERROGATORY NO. 4:**

Please provide the names and contact information of any individuals with knowledge of the alleged unlawful interception, receipt, and publication of the plaintiff's program.

**PLAINTIFF'S RESPONSE TO DEFENDANT'S INTERROGATORY NO. 4:**

Objection. The information requested are equally available to the propounding party.

**DEFENDANT'S INTERROGATORY NO. 5:**

Please provide name, telephone number, addresses and a license of your Investigators such as Mr Valentino

**PLAINTIFF'S RESPONSE TO DEFENDANT'S INTERROGATORY NO. 5:**

Objection. INNOVATIVE SPORTS MANAGEMENT, INC. objects to each and every, all and singular, of the items listed as Defendant's Interrogatory No. 5 as follows: Attorney-Client privilege; work product privilege; the privileges accorded under the United States Constitution and the Constitutions of one or more of the fifty states, the privileges accorded under the rights of privacy of third parties, including but not limited to, INNOVATIVE SPORTS MANAGEMENT, INC., the privileges accorded other third parties, including but not limited to, those persons and parties who are listed and described in the documents herein; that the books, letters, papers and files, and each of the same, constitute proprietary information, constitute a trade secret, constitute information which

INNOVATIVE SPORTS MANAGEMENT, INC. has a reasonable expectation of privacy and is subject to a right of privacy; constitute secrets, formulas, trade secrets, and business information. INNOVATIVE SPORTS MANAGEMENT, INC. furthermore objects on the basis that the document request is overly broad, and moreover, seeks documents which are extremely voluminous. INNOVATIVE SPORTS MANAGEMENT, INC. also objects that some or all of these books, letters, papers, and files, are available to the propounding party through other and alternative sources, including but not limited to, third parties herein. INNOVATIVE SPORTS MANAGEMENT, INC. also objects on the basis of the rights of privacy of third parties in that the person and parties herein would have a reasonable expectation of privacy thereunder. INNOVATIVE SPORTS MANAGEMENT, INC. also objects on the basis that the interrogatory seeks information that is irrelevant and not proportional to the needs of the case.

## DEFENDANT'S INTERROGATORY NO. 6:

Please describe when did you sign an agreement with GOLTV LATINAMERICA S.A in detail

## PLAINTIFF'S RESPONSE TO DEFENDANT'S INTERROGATORY NO. 6:

Objection. Defendant's Interrogatory No. 6 is unintelligible.

INNOVATIVE SPORTS MANAGEMENT, INC. further objects to each and every, all and singular, of the items listed as Defendant's Interrogatory No. 6 as follows: Attorney-Client privilege; work product privilege; the privileges accorded under the United States Constitution and the Constitutions of one or more of the fifty states, the privileges accorded under the rights of privacy of third parties, including but not limited to, INNOVATIVE SPORTS MANAGEMENT, INC., the privileges accorded other third parties, including but not limited to, those persons and parties who are listed and described in the documents herein; that the books, letters, papers and files, and each of the same, constitute proprietary information, constitute a trade secret, constitute information which INNOVATIVE SPORTS MANAGEMENT, INC. has a reasonable expectation of privacy and is subject to a right of privacy; constitute secrets, formulas, trade secrets, and business information. INNOVATIVE SPORTS MANAGEMENT, INC. furthermore objects on the basis that the document request is overly broad, and moreover, seeks documents which are extremely voluminous. INNOVATIVE SPORTS MANAGEMENT, INC. also objects that some or all of these books, letters,

papers, and files, are available to the propounding party through other and alternative sources, including but not limited to, third parties herein. INNOVATIVE SPORTS MANAGEMENT, INC. also objects on the basis of the rights of privacy of third parties in that the person and parties herein would have a reasonable expectation of privacy thereunder. INNOVATIVE SPORTS MANAGEMENT, INC. also objects on the basis that the interrogatory seeks information that is irrelevant and not proportional to the needs of the case.

## DEFENDANT'S INTERROGATORY NO. 7:

Please describe in detail how you contacted GOLTV LATINAMERICA S.A. in Paraguay

INNOVATIVE SPORTS MANAGEMENT, INC. further objects to each and every, all and singular, of the items listed as Defendant's Interrogatory No. 7 as follows: Attorney-Client privilege; work product privilege; the privileges accorded under the United States Constitution and the Constitutions of one or more of the fifty states, the privileges accorded under the rights of privacy of third parties, including but not limited to, INNOVATIVE SPORTS MANAGEMENT, INC., the privileges accorded other third parties, including but not limited to, those persons and parties who are listed and described in the documents herein; that the books, letters, papers and files, and each of the same, constitute proprietary information, constitute a trade secret, constitute information which INNOVATIVE SPORTS MANAGEMENT, INC. has a reasonable expectation of privacy and is subject to a right of privacy; constitute secrets, formulas, trade secrets, and business information. INNOVATIVE SPORTS MANAGEMENT, INC. furthermore objects on the basis that the document request is overly broad, and moreover, seeks documents which are extremely voluminous. INNOVATIVE SPORTS MANAGEMENT, INC. also objects that some or all of these books, letters, papers, and files, are available to the propounding party through other and alternative sources, including but not limited to, third parties herein. INNOVATIVE SPORTS MANAGEMENT, INC. also objects on the basis of the rights of privacy of third parties in that the person and parties herein would have a reasonable expectation of privacy thereunder. INNOVATIVE SPORTS MANAGEMENT, INC. also objects on the basis that the interrogatory seeks information that is irrelevant and not proportional to the needs of the case.

**PLAINTIFF'S RESPONSE TO DEFENDANT'S INTERROGATORY NO. 7:**

Objection. Defendant's Interrogatory No. 7 assumes facts not in evidence.

**DEFENDANT'S INTERROGATORY NO. 8:**

Please describe in detail who is the contact person in Paraguay for GOLTV LATINAMERICA S.A

**PLAINTIFF'S RESPONSE TO DEFENDANT'S INTERROGATORY NO. 8:**

Objection. INNOVATIVE SPORTS MANAGEMENT, INC. objects to each and every, all and singular, of the items listed as Defendant's Interrogatory No. 8 as follows: Attorney-Client privilege; work product privilege; the privileges accorded under the United States Constitution and the Constitutions of one or more of the fifty states, the privileges accorded under the rights of privacy of third parties, including but not limited to, INNOVATIVE SPORTS MANAGEMENT, INC., the privileges accorded other third parties, including but not limited to, those persons and parties who are listed and described in the documents herein; that the books, letters, papers and files, and each of the same, constitute proprietary information, constitute a trade secret, constitute information which INNOVATIVE SPORTS MANAGEMENT, INC. has a reasonable expectation of privacy and is subject to a right of privacy; constitute secrets, formulas, trade secrets, and business information. INNOVATIVE SPORTS MANAGEMENT, INC. furthermore objects on the basis that the document request is overly broad, and moreover, seeks documents which are extremely voluminous. INNOVATIVE SPORTS MANAGEMENT, INC. also objects that some or all of these books, letters, papers, and files, are available to the propounding party through other and alternative sources, including but not limited to, third parties herein. INNOVATIVE SPORTS MANAGEMENT, INC. also objects on the basis of the rights of privacy of third parties in that the person and parties herein would have a reasonable expectation of privacy thereunder. INNOVATIVE SPORTS MANAGEMENT, INC. also objects on the basis that the interrogatory seeks information that is irrelevant and not proportional to the needs of the case.

///

///

///

## DEFENDANT'S INTERROGATORY NO. 9:

Please describe in detail how long you have a relationship with GOLTV LATINAMERICA S.A in Paraguay

## PLAINTIFF'S RESPONSE TO DEFENDANT'S INTERROGATORY NO. 9:

Objection.  INNOVATIVE SPORTS MANAGEMENT, INC. objects to each and every, all and singular, of the items listed as Defendant's Interrogatory No. 9 as follows: Attorney-Client privilege; work product privilege; the privileges accorded under the United States Constitution and the Constitutions of one or more of the fifty states, the privileges accorded under the rights of privacy of third parties, including but not limited to, INNOVATIVE SPORTS MANAGEMENT, INC., the privileges accorded other third parties, including but not limited to, those persons and parties who are listed and described in the documents herein; that the books, letters, papers and files, and each of the same, constitute proprietary information, constitute a trade secret, constitute information which INNOVATIVE SPORTS MANAGEMENT, INC. has a reasonable expectation of privacy and is subject to a right of privacy; constitute secrets, formulas, trade secrets, and business information. INNOVATIVE SPORTS MANAGEMENT, INC. furthermore objects on the basis that the document request is overly broad, and moreover, seeks documents which are extremely voluminous. INNOVATIVE SPORTS MANAGEMENT, INC. also objects that some or all of these books, letters, papers, and files, are available to the propounding party through other and alternative sources, including but not limited to, third parties herein. INNOVATIVE SPORTS MANAGEMENT, INC. also objects on the basis of the rights of privacy of third parties in that the person and parties herein would have a reasonable expectation of privacy thereunder. INNOVATIVE SPORTS MANAGEMENT, INC. also objects on the basis that the interrogatory seeks information that is irrelevant and not proportional to the needs of the case.

## DEFENDANT'S INTERROGATORY NO. 10:

Please indicate with details if you speak Spanish

///

///

///

## PLAINTIFF'S RESPONSE TO DEFENDANT'S INTERROGATORY NO. 10:

Objection. INNOVATIVE SPORTS MANAGEMENT, INC. objects to each and every, all and singular, of the items listed as Defendant's Interrogatory No. 10 as follows: Attorney-Client privilege; work product privilege; the privileges accorded under the United States Constitution and the Constitutions of one or more of the fifty states, the privileges accorded under the rights of privacy of third parties, including but not limited to, INNOVATIVE SPORTS MANAGEMENT, INC., the privileges accorded other third parties, including but not limited to, those persons and parties who are listed and described in the documents herein; that the books, letters, papers and files, and each of the same, constitute proprietary information, constitute a trade secret, constitute information which INNOVATIVE SPORTS MANAGEMENT, INC. has a reasonable expectation of privacy and is subject to a right of privacy; constitute secrets, formulas, trade secrets, and business information. INNOVATIVE SPORTS MANAGEMENT, INC. furthermore objects on the basis that the document request is overly broad, and moreover, seeks documents which are extremely voluminous. INNOVATIVE SPORTS MANAGEMENT, INC. also objects that some or all of these books, letters, papers, and files, are available to the propounding party through other and alternative sources, including but not limited to, third parties herein. INNOVATIVE SPORTS MANAGEMENT, INC. also objects on the basis of the rights of privacy of third parties in that the person and parties herein would have a reasonable expectation of privacy thereunder. INNOVATIVE SPORTS MANAGEMENT, INC. also objects on the basis that the interrogatory seeks information that is irrelevant and not proportional to the needs of the case.

## DEFENDANT'S INTERROGATORY NO. 11:

Please indicate with detail if you read spanish

## PLAINTIFF'S RESPONSE TO DEFENDANT'S INTERROGATORY NO. 11:

Objection. INNOVATIVE SPORTS MANAGEMENT, INC. objects to each and every, all and singular, of the items listed as Defendant's Interrogatory No. 11 as follows: Attorney-Client privilege; work product privilege; the privileges accorded under the United States Constitution and the Constitutions of one or more of the fifty states, the privileges accorded under the rights of privacy of third parties, including but not limited to, INNOVATIVE SPORTS MANAGEMENT, INC., the privileges accorded other third parties, including but not limited to, those persons and parties who are

listed and described in the documents herein; that the books, letters, papers and files, and each of the same, constitute proprietary information, constitute a trade secret, constitute information which INNOVATIVE SPORTS MANAGEMENT, INC. has a reasonable expectation of privacy and is subject to a right of privacy; constitute secrets, formulas, trade secrets, and business information. INNOVATIVE SPORTS MANAGEMENT, INC. furthermore objects on the basis that the document request is overly broad, and moreover, seeks documents which are extremely voluminous. INNOVATIVE SPORTS MANAGEMENT, INC. also objects that some or all of these books, letters, papers, and files, are available to the propounding party through other and alternative sources, including but not limited to, third parties herein. INNOVATIVE SPORTS MANAGEMENT, INC. also objects on the basis of the rights of privacy of third parties in that the person and parties herein would have a reasonable expectation of privacy thereunder. INNOVATIVE SPORTS MANAGEMENT, INC. also objects on the basis that the interrogatory seeks information that is irrelevant and not proportional to the needs of the case.

**DEFENDANT'S INTERROGATORY NO. 12:**

Please indicate the name address and telephone number of the person who contacted you from GOLTV LATINAMERICA S.A

**PLAINTIFF'S RESPONSE TO DEFENDANT'S INTERROGATORY NO. 12:**

Objection. INNOVATIVE SPORTS MANAGEMENT, INC. objects to each and every, all and singular, of the items listed as Defendant's Interrogatory No. 12 as follows: Attorney-Client privilege; work product privilege; the privileges accorded under the United States Constitution and the Constitutions of one or more of the fifty states, the privileges accorded under the rights of privacy of third parties, including but not limited to, INNOVATIVE SPORTS MANAGEMENT, INC., the privileges accorded other third parties, including but not limited to, those persons and parties who are listed and described in the documents herein; that the books, letters, papers and files, and each of the same, constitute proprietary information, constitute a trade secret, constitute information which INNOVATIVE SPORTS MANAGEMENT, INC. has a reasonable expectation of privacy and is subject to a right of privacy; constitute secrets, formulas, trade secrets, and business information. INNOVATIVE SPORTS MANAGEMENT, INC. furthermore objects on the basis that the document request is overly broad, and moreover, seeks documents which are extremely voluminous.

INNOVATIVE SPORTS MANAGEMENT, INC. also objects that some or all of these books, letters, papers, and files, are available to the propounding party through other and alternative sources, including but not limited to, third parties herein. INNOVATIVE SPORTS MANAGEMENT, INC. also objects on the basis of the rights of privacy of third parties in that the person and parties herein would have a reasonable expectation of privacy thereunder. INNOVATIVE SPORTS MANAGEMENT, INC. also objects on the basis that the interrogatory seeks information that is irrelevant and not proportional to the needs of the case.

**DEFENDANT'S INTERROGATORY NO. 13:**

Please indicate the name address and telephone number of the person who contacted you with GOLTV LATINAMERICA S.A in Paraguay

**PLAINTIFF'S RESPONSE TO DEFENDANT'S INTERROGATORY NO. 13:**

Objection. INNOVATIVE SPORTS MANAGEMENT, INC. objects to each and every, all and singular, of the items listed as Defendant's Interrogatory No. 13 as follows: Attorney-Client privilege; work product privilege; the privileges accorded under the United States Constitution and the Constitutions of one or more of the fifty states, the privileges accorded under the rights of privacy of third parties, including but not limited to, INNOVATIVE SPORTS MANAGEMENT, INC., the privileges accorded other third parties, including but not limited to, those persons and parties who are listed and described in the documents herein; that the books, letters, papers and files, and each of the same, constitute proprietary information, constitute a trade secret, constitute information which INNOVATIVE SPORTS MANAGEMENT, INC. has a reasonable expectation of privacy and is subject to a right of privacy; constitute secrets, formulas, trade secrets, and business information. INNOVATIVE SPORTS MANAGEMENT, INC. furthermore objects on the basis that the document request is overly broad, and moreover, seeks documents which are extremely voluminous. INNOVATIVE SPORTS MANAGEMENT, INC. also objects that some or all of these books, letters, papers, and files, are available to the propounding party through other and alternative sources, including but not limited to, third parties herein. INNOVATIVE SPORTS MANAGEMENT, INC. also objects on the basis of the rights of privacy of third parties in that the person and parties herein would have a reasonable expectation of privacy thereunder. INNOVATIVE SPORTS

MANAGEMENT, INC. also objects on the basis that the interrogatory seeks information that is irrelevant and not proportional to the needs of the case.

**DEFENDANT'S INTERROGATORY NO. 14:**

Please indicate with detail what is your relationship with media rights

**PLAINTIFF'S RESPONSE TO DEFENDANT'S INTERROGATORY NO. 14:**

Objection. Defendant's Interrogatory No. 14 is unintelligible.

INNOVATIVE SPORTS MANAGEMENT, INC. further objects to each and every, all and singular, of the items listed as Defendant's Interrogatory No. 14 as follows: Attorney-Client privilege; work product privilege; the privileges accorded under the United States Constitution and the Constitutions of one or more of the fifty states, the privileges accorded under the rights of privacy of third parties, including but not limited to, INNOVATIVE SPORTS MANAGEMENT, INC., the privileges accorded other third parties, including but not limited to, those persons and parties who are listed and described in the documents herein; that the books, letters, papers and files, and each of the same, constitute proprietary information, constitute a trade secret, constitute information which INNOVATIVE SPORTS MANAGEMENT, INC. has a reasonable expectation of privacy and is subject to a right of privacy; constitute secrets, formulas, trade secrets, and business information. INNOVATIVE SPORTS MANAGEMENT, INC. furthermore objects on the basis that the document request is overly broad, and moreover, seeks documents which are extremely voluminous. INNOVATIVE SPORTS MANAGEMENT, INC. also objects that some or all of these books, letters, papers, and files, are available to the propounding party through other and alternative sources, including but not limited to, third parties herein. INNOVATIVE SPORTS MANAGEMENT, INC. also objects on the basis of the rights of privacy of third parties in that the person and parties herein would have a reasonable expectation of privacy thereunder. INNOVATIVE SPORTS MANAGEMENT, INC. also objects on the basis that the interrogatory seeks information that is irrelevant and not proportional to the needs of the case.

///

///

///

**DEFENDANT'S INTERROGATORY NO. 15:**

Please indicate with detail if YOU have a WORLDWIDE license or only domestic licnse to distribute the program mentioned in the INCIDENT

**PLAINTIFF'S RESPONSE TO DEFENDANT'S INTERROGATORY NO. 15:**

Plaintiff refers propounding party Defendant to Plaintiff's Initial Disclosures served on December 12, 2022.

**DEFENDANT'S INTERROGATORY NO. 16:**

Please indicate with details how did you obtain domestic license to distribute the program mentioned in the INCIDENT

**PLAINTIFF'S RESPONSE TO DEFENDANT'S INTERROGATORY NO. 16:**

Objection.  INNOVATIVE SPORTS MANAGEMENT, INC. objects to each and every, all and singular, of the items listed as Defendant's Interrogatory No. 16 as follows: Attorney-Client privilege; work product privilege; the privileges accorded under the United States Constitution and the Constitutions of one or more of the fifty states, the privileges accorded under the rights of privacy of third parties, including but not limited to, INNOVATIVE SPORTS MANAGEMENT, INC., the privileges accorded other third parties, including but not limited to, those persons and parties who are listed and described in the documents herein; that the books, letters, papers and files, and each of the same, constitute proprietary information, constitute a trade secret, constitute information which INNOVATIVE SPORTS MANAGEMENT, INC. has a reasonable expectation of privacy and is subject to a right of privacy; constitute secrets, formulas, trade secrets, and business information. INNOVATIVE SPORTS MANAGEMENT, INC. furthermore objects on the basis that the document request is overly broad, and moreover, seeks documents which are extremely voluminous. INNOVATIVE SPORTS MANAGEMENT, INC. also objects that some or all of these books, letters, papers, and files, are available to the propounding party through other and alternative sources, including but not limited to, third parties herein. INNOVATIVE SPORTS MANAGEMENT, INC. also objects on the basis of the rights of privacy of third parties in that the person and parties herein would have a reasonable expectation of privacy thereunder.  INNOVATIVE SPORTS

MANAGEMENT, INC. also objects on the basis that the interrogatory seeks information that is irrelevant and not proportional to the needs of the case.

**DEFENDANT'S INTERROGATORY NO. 17:**

Please indicate with details what is the scope of the domestic license to distribute the program mentioned in the INCIDENT

**PLAINTIFF'S RESPONSE TO DEFENDANT'S INTERROGATORY NO. 17:**

Plaintiff refers propounding party Defendant to Plaintiff's Initial Disclosures served on December 12, 2022.

**DEFENDANT'S INTERROGATORY NO. 18:**

Please indicate with details what is the geographic limits of the domestic license to distribute the program mentioned in the INCIDENT

**PLAINTIFF'S RESPONSE TO DEFENDANT'S INTERROGATORY NO. 18:**

Plaintiff refers propounding party Defendant to Plaintiff's Initial Disclosures served on December 12, 2022.

**DEFENDANT'S INTERROGATORY NO. 19:**

Please indicate if you have a license to distribute in Latin America

**PLAINTIFF'S RESPONSE TO DEFENDANT'S INTERROGATORY NO. 19:**

Plaintiff refers propounding party Defendant to Plaintiff's Initial Disclosures served on December 12, 2022.

**DEFENDANT'S INTERROGATORY NO. 20:**

Please indicate if you have a license to distribute the program in Peru

///

///

**PLAINTIFF'S RESPONSE TO DEFENDANT'S INTERROGATORY NO. 20:**

Plaintiff refers propounding party Defendant to Plaintiff's Initial Disclosures served on December 12, 2022.

**DEFENDANT'S INTERROGATORY NO. 21:**

Please indicate if you have license to distribute the program in other country besides the United States

**PLAINTIFF'S RESPONSE TO DEFENDANT'S INTERROGATORY NO. 21:**

Plaintiff refers propounding party Defendant to Plaintiff's Initial Disclosures served on December 12, 2022.

**DEFENDANT'S INTERROGATORY NO. 22:**

PLease indicate if you have a permit to operate in California

**PLAINTIFF'S RESPONSE TO DEFENDANT'S INTERROGATORY NO. 22:**

Plaintiff refers propounding party Defendant to Plaintiff's Initial Disclosures served on December 12, 2022.

**DEFENDANT'S INTERROGATORY NO. 23:**

Please indicate if you have a permit to operate in Los Angeles County

**PLAINTIFF'S RESPONSE TO DEFENDANT'S INTERROGATORY NO. 23:**

Plaintiff refers propounding party Defendant to Plaintiff's Initial Disclosures served on December 12, 2022.

**DEFENDANT'S INTERROGATORY NO. 24:**

Please indicate what is your intention in filing this complaint

///

///

**PLAINTIFF'S RESPONSE TO DEFENDANT'S INTERROGATORY NO. 24:**

Plaintiff refers propounding party Defendant to Plaintiff's Initial Disclosures served on December 12, 2022.

**DEFENDANT'S INTERROGATORY NO. 25:**

Please indicate names, address, phone numbers of the person who create on you the perception that Defendant did something wrong in regards to the INCIDENT

**PLAINTIFF'S RESPONSE TO DEFENDANT'S INTERROGATORY NO. 25:**

Plaintiff refers propounding party Defendant to Plaintiff's Initial Disclosures served on December 12, 2022.

**DEFENDANT'S INTERROGATORY NO. 26:**

Please describe how many lawsuits you file against hispanis restaurants for Copyright reasons?

**PLAINTIFF'S RESPONSE TO DEFENDANT'S INTERROGATORY NO. 26:**

Objection. This Interrogatory violates Fed. R. Civ. P. 33(a)(1) in that it exceeds the limits on Interrogatories.

**DEFENDANT'S INTERROGATORY NO. 27:**

Please indicate how much money you have obtained from all hispanic Restaurants who you sued for Copuyright reasons?

**PLAINTIFF'S RESPONSE TO DEFENDANT'S INTERROGATORY NO. 27:**

Objection. This Interrogatory violates Fed. R. Civ. P. 33(a)(1) in that it exceeds the limits on Interrogatories.

///

///

///

## DEFENDANT'S INTERROGATORY NO. 28:

Please describe why do you think about any steps taken by the defendant, Gerardo Valdivia, to prevent the alleged unlawful interception, receipt, and publication of the plaintiff's program.

## PLAINTIFF'S RESPONSE TO DEFENDANT'S INTERROGATORY NO. 28:

Objection. This Interrogatory violates Fed. R. Civ. P. 33(a)(1) in that it exceeds the limits on Interrogatories.

## DEFENDANT'S INTERROGATORY NO. 29:

Please provide all documents and communication related to any training provided to your private investigators regarding to the incident

## PLAINTIFF'S RESPONSE TO DEFENDANT'S INTERROGATORY NO. 29:

Objection. This Interrogatory violates Fed. R. Civ. P. 33(a)(1) in that it exceeds the limits on Interrogatories.

## DEFENDANT'S INTERROGATORY NO. 30:

Please describe any steps taken by YOU to monitor DEFENDANT related to tye INCIDENT

## PLAINTIFF'S RESPONSE TO DEFENDANT'S INTERROGATORY NO. 30:

Objection. This Interrogatory violates Fed. R. Civ. P. 33(a)(1) in that it exceeds the limits on Interrogatories.

## DEFENDANT'S INTERROGATORY NO. 31:

Please provide the names and contact information of any employees or contractors of PLAINTIFF who were involved in the investigation of the alleged unlawful interception, receipt, and publication of the Plaintiff's program.

## PLAINTIFF'S RESPONSE TO DEFENDANT'S INTERROGATORY NO. 31:

Objection. This Interrogatory violates Fed. R. Civ. P. 33(a)(1) in that it exceeds the limits on Interrogatories.

**DEFENDANT'S INTERROGATORY NO. 32:**

Please provide all documents and communication related to the management and supervision of PLAINTIFF, including any documents or communication related to the alleged unlawful interception, receipt, and publication of the plaintiff's program.

**PLAINTIFF'S RESPONSE TO DEFENDANT'S INTERROGATORY NO. 32:**

Objection. This Interrogatory violates Fed. R. Civ. P. 33(a)(1) in that it exceeds the limits on Interrogatories.

**DEFENDANT'S INTERROGATORY NO. 33:**

Please provide any and all contracts or agreements related to the alleged unlawful interception, receipt, and publication of the plaintiff's program.

**PLAINTIFF'S RESPONSE TO DEFENDANT'S INTERROGATORY NO. 33:**

Objection. This Interrogatory violates Fed. R. Civ. P. 33(a)(1) in that it exceeds the limits on Interrogatories.

**DEFENDANT'S INTERROGATORY NO. 34:**

Please describe any policies or procedures in place at PLAINTIFF for this INVESTIGATIONS

**PLAINTIFF'S RESPONSE TO DEFENDANT'S INTERROGATORY NO. 34:**

Objection. This Interrogatory violates Fed. R. Civ. P. 33(a)(1) in that it exceeds the limits on Interrogatories.

**DEFENDANT'S INTERROGATORY NO. 35:**

Please indicate how long your investigator Valentino was in the Restaurant TONDERO the day of INCIDENT

///

///

**PLAINTIFF'S RESPONSE TO DEFENDANT'S INTERROGATORY NO. 35:**

Objection. This Interrogatory violates Fed. R. Civ. P. 33(a)(1) in that it exceeds the limits on Interrogatories.

**DEFENDANT'S INTERROGATORY NO. 36:**

Please describe how many investigatores in order to work with you in this type of investigations and provide names, addresses, phone numbers

**PLAINTIFF'S RESPONSE TO DEFENDANT'S INTERROGATORY NO. 36:**

Objection. This Interrogatory violates Fed. R. Civ. P. 33(a)(1) in that it exceeds the limits on Interrogatories.

**DEFENDANT'S INTERROGATORY NO. 37:**

Please provide all documents and communication related to the acquisition and use of the plaintiff's program.

**PLAINTIFF'S RESPONSE TO DEFENDANT'S INTERROGATORY NO. 37:**

Objection. This Interrogatory violates Fed. R. Civ. P. 33(a)(1) in that it exceeds the limits on Interrogatories.

Dated: March 3, 2023

_/s/ Thomas P. Riley_
**LAW OFFICES OF THOMAS P. RILEY, P.C.**
By: Thomas P. Riley, Esquire
Attorneys for Plaintiff
INNOVATIVE SPORTS MANAGEMENT, INC. d/b/a
INTEGRATED SPORTS MEDIA

///
///
///
///
///
///

## VERIFICATION

**STATE OF NEW JERSEY**      )
                                 )    **ss.**

**COUNTY OF BERGEN**         )

       I, **DOUG JACOBS,** declare as follows:

       I am the President of the Plaintiff in the subject action and make this Verification on its behalf. I have read the foregoing **PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUEST SPECIAL INTERROGATORIES** and know the contents thereof. The matters stated in the foregoing are true of my own knowledge except as to those matters, which are stated on information and belief, and as to those matters, I believe them to be true.

       I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on <u>March 2</u>, 2023, in Tenafly, New Jersey.

Doug Jacobs

**DOUG JACOBS**

///
///
///
///
///
///
///
///
///
///
///
///

## PROOF OF SERVICE (BY MAIL)

I declare that:

I am employed in the County of Los Angeles, California. I am over the age of eighteen years and not a party to the within cause; my business address is First Library Square 1114 Fremont Avenue, South Pasadena, California 91030. I am readily familiar with this law firm's practice for collection and processing of correspondence documents for mail in the ordinary course of business.

On March 3, 2023, I served:

**PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUEST SPECIAL INTERROGATORIES**

On all parties in said cause by mailing same to the Defendant at the following address:

Mr. Gerardo Valdivia                          (Defendant)
9347 Slauson Avenue
Pico Rivera, CA 90660

I declare under the penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct and that this declaration was executed on March 3, 2023, at South Pasadena, California.

Dated: March 3, 2023

/s/ Kelly M. Humphrey
**KELLY M. HUMPHREY**

///
///
///
///
///
///